EUGENE SZOLD, Appellant, *v.* OUTLET EMBROIDERY SUPPLY CO., INC., Respondent.

Argued March 23, 1937; decided May 25, 1937.

*Eugene L. Garey, Emanuel Hoyt* and *Milton I. Hauser* for appellant. Section 13-b of the Workmen's Compensation Law constitutes an unlawful delegation of power to non-governmental agencies, an unlawful delegation of legislative power, in violation of section 1 of article 3 of the State Constitution, and is unreasonable, discriminatory and constitutes class legislation, in violation of section

6 of article 1 of the State Constitution and the Fourteenth Amendment to the Constitution of the United States. (*Johnstown Cemetery Assn.* v. *Parker*, 45 App. Div. 55; *Coty, Inc.*, v. *Hearn Dept. Stores, Inc.*, 158 Misc. Rep. 516; *Cline* v. *Consumers Cooperative Gas & Oil Co.*, 152 Misc. Rep. 653; *Fox* v. *Mohawk & H. R. Humane Society*, 165 N. Y. 517; *Brown* v. *University of State of New York*, 242 App. Div. 85; 266 N. Y. 598; *Matter of Bloom, Inc.*, v. *Cruise*, 259 N. Y. 358; *People ex rel. Greenberg* v. *Reid*, 151 App. Div. 324; *Harmon* v. *State*, 66 Ohio St. 249; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Schecter Corp.* v. *United States*, 295 U. S. 495; *Panama Refining Co.* v. *Ryan*, 293 U. S. 388; *People* v. *Klinck Packing Co.*, 214 N. Y. 121.) Section 13-b of the Workmen's Compensation Law, vesting in the county medical societies certain rights and powers, violates the provisions of sections 2 and 3 of article 5 of the State Constitution. (*People* v. *Tremaine* 252 N. Y. 27.) Section 13-g of the amended Workmen's Compensation Law, relating to compulsory arbitration in disputes over medical bills, has no relationship to the health, safety and welfare of the injured workman and is not within the police power of the State. Also, it violates section 2 of article 1 of the State Constitution by depriving the parties of the right to trial by jury. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *New York Central R. R. Co.* v. *White*, 216 N. Y. 653; 243 U. S. 188; *Matter of Webster* v. *Van Allen*, 217 App. Div. 219; *Matter of Berkovitz* v. *Arbib & Houlberg, Inc.*, 230 N. Y. 261; *People ex rel. Baldwin* v. *Haws*, 37 Barb. 440; *Cutler* v. *Hinds & Richley*, 151 Penn. St. 195; *Finsilver, Still & Moss, Inc.*, v. *Janan, Inc.*, 224 App. Div. 26.) The provisions of section 13 of the amended Workmen's Compensation Law, which empowers the Industrial Commissioner to establish a schedule of minimum charges and fees for medical treatment and care, and prohibit the acceptance of less than such minimum, under penalty of removal from the

authorized list, is violative of the due process clauses of the State and Federal Constitutions. (*Wolff Packing Co.* v. *Court of Industrial Relations*, 262 U. S. 522; *Lochner* v. *New York*, 198 U. S. 45; *Ribnik* v. *McBride*, 277 U. S. 350; *Tyson & Bro.* v. *Banton*, 273 U. S. 418; *Nebbia* v. *New York*, 291 U. S. 502; *People* v. *Nebbia*, 262 N. Y. 259; *Borden's Farm Products Co.* v. *Ten Eyck*, 297 U. S. 251; *People* v. *Gillson*, 109 N. Y. 389; *Lochner* v. *New York*, 198 U. S. 45.)

*John J. Bennett, Jr., Attorney-General* (*Patrick S. Mason* and *William H. Stieglitz* of counsel), for respondent. Chapters 258 and 930 of the Laws of 1935, amending the Workmen's Compensation Law, are constitutional, and must be liberally and broadly construed. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199; *State Industrial Commr.* v. *Newman*, 222 N. Y. 363; *Matter of Petrie*, 215 N. Y. 335; *Matter of Costello* v. *Taylor*, 217 N. Y. 179; *Winfield* v. *N. Y. C. & H. R. R. R. Co.*, 216 N. Y. 284; *Matter of Moore* v. *Lehigh Valley R. R. Co.*, 217 N. Y. 627; *Matter of Rheinwald* v. *Builders Brick & Supply Co.*, 168 App. Div. 425; *Matter of Mc Queeney* v. *Sutphen & Myer*, 167 App. Div. 528; *Allied Mutual Ins. Co.* v. *De Jong*, 209 App. Div. 505.) Medical care and treatment, the charges therefor and payment thereof, are part and parcel of the scheme of compensation contemplated by the Constitution and the Workmen's Compensation Law, and legislation tending toward regulation thereof is valid. (*Watson* v. *Maryland*, 218 U. S. 173; *Steinback* v. *Metzger*, 63 Fed. Rep. [2d] 74; *People* v. *Ellis*, 162 App. Div. 288; *People* v. *Mulford*, 140 App. Div. 716; *People* v. *Lee*, 151 Misc. Rep. 431; *People* v. *Griswold*, 213 N. Y. 92; *Brown* v. *Shyne*, 242 N. Y. 176; *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199; *Pepperman* v. *Overseas Shipping Co., Inc.*, 216 App. Div. 512; *N. Y. Central R. R. Co.* v. *White*, 243 U. S. 188; *Roman* v. *Lobe*, 243 N. Y. 51.) Chapters

258 and 930 of the Laws of 1935 do not offend against any provision of either the State or Federal Constitutions, but are enactments authorized by section 19 of article 1 of the State Constitution and are a proper exercise of the police power of the State. (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Matter of State Industrial Commissioner* v. *Newman*, 222 N. Y. 363; *Covey* v. *Honis Oyster House*, 117 Conn. 282; *Young* v. *Lichtenberg*, 102 Misc. Rep. 154.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein, Joseph A. McLaughlin* and *Maurice H. Maizkin* of counsel), for Industrial Commissioner of the State of New York, *amicus curiæ.* Medical services rendered to injured workmen are an integral part of the Workmen's Compensation Law. They are as much subject to regulation and change as are the other provisions which make up the Workmen's Compensation Law. (*Dahlstrom Metallic Door Co.* v. *Industrial Board*, 284 U. S. 594; *Matter of Petrie*, 215 N. Y. 335.) Chapter 258 of the Laws of 1935, an essential part of the Workmen's Compensation Law, is a proper exercise of the police power, is neither arbitrary nor unreasonable, and does not contravene any constitutional provisions. (*Steinbach* v. *Metzger*, 63 Fed. Rep. [2d] 74; *Dent* v. *West Virginia*, 129 U. S. 114; *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424; *Matter of Jensen* v. *Southern Pacific R. R. Co.*, 215 N. Y. 514; *New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Roman* v. *Lobe*, 243 N. Y. 51; *Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.*, 168 App. Div. 351; *Nebbia* v. *People*, 291 U. S. 502; *Matter of Scholle* v. *State*, 90 Md. 729; *Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *Matter of McQueeney* v. *Sulphen & Myer*, 167 App. Div. 528; *Snyder* v. *Mass.*, 291 U. S. 97; *Barrencotto* v. *Cocker Saw Co.*, 241 App. Div. 795; 266 N. Y. 139; *Repka* v. *Fedders Mfg. Co.*, 239 App. Div. 271; 264 N. Y. 538; *Covey* v. *Honis Oyster House*, 117 Conn. 282; *People ex rel.*

*Nechamcus* v. *Warden,* 144 N. Y. 529; *Nebbia* v. *People,* 291 U. S. 502; *McLean* v. *Arkansas,* 211 U. S. 539.)

*Lorenz J. Brosnan* and *Thomas H. Clearwater* for Medical Society of the State of New York, *amicus curiæ.* The amendments to the Workmen's Compensation Law which regulate the practice of medicine are constitutional. (*Waston* v. *Maryland,* 218 U. S. 173; *Steinbach* v. *Metzger,* 63 Fed. Rep. [2d] 74; *People* v. *Ellis,* 162 App. Div. 288; *People* v. *Mulford,* 140 App. Div. 716; *People* v. *Lee,* 151 Misc. Rep. 431.)

LOUGHRAN, J.   In 1934 the Governor sent to the Legislature a special message declaring the necessity for further regulation of the medical treatment and care of employees in the administration of the Workmen's Compensation Law (Cons. Laws, ch. 67).   The subject had been investigated by a committee appointed by the Governor from the memberships of accredited local medical societies.   A proposed bill embodying the joint recommendations of that committee and of the State Industrial Commissioner was commended to the consideration of the Legislature.   The response was chapters 258 and 930 of the Laws of 1935, amending section 13 of the statute and adding thereto sections 13-a to 13-j.   This case presents questions relating to the constitutional soundness of that legislation.

The mischief which the people of the State sought to eradicate was described by the Governor's message in these words: " In recent years, another evil, detrimental alike to worker and employer, has developed.   It relates largely to the question of medical care and treatment of the injured claimants.   In many instances, this treatment and care had degraded into a mere commercialized venture.   Unscrupulous physicians and so-called medical clinics have operated in a way to exploit worker, employer and insurance carriers through prolonged treatment, padded bills and inferior professional service.   Rebating,

fee-splitting, organized solicitation of employees injured, and lifting of cases from doctors already treating them have been by-products of this commercialization."

So much of the remedy adopted by the Legislature as is now attacked may be sufficiently outlined as follows: No person shall render medical care under the law without authorization by the State Industrial Commissioner, except emergency (first aid) care; or care of a patient in a hospital by a member of its constituted staff. A duly licensed physician may be authorized by the Commissioner only upon the recommendation of the medical society of his county or of a medical board representing other duly licensed physicians or designated by the Commissioner. (§ 13-b, subd. 1.) Any duly licensed physician may to that end apply to the appropriate medical society or board and in the event he fail of recommendation may appeal to the Industrial Council of the Department of Labor (§ 13-b, subd. 2) which is empowered to recommend his authorization. (See Labor Law [Cons. Laws, ch. 31], § 10-a, subd. 4 [g].) In general an injured employee may select to treat him any physician authorized by the Commissioner. (§ 13-a [1].) The employer shall be liable for the payment of the expenses of the treatment. Fees for medical services shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. Recourse to the employer for payment shall be had only under the statute. Payments shall in no case be less than the amounts fixed by a schedule of minimum charges and fees to be established by the Commissioner after inquiry and shall be made only to a physician or other lawfully qualified person permitted under the statute to render medical care. (§§ 13 [a], 13-f [1].) If the parties shall fail to agree as to the value of medical services, the value thereof shall be decided by an arbitration committee of physicians whose composition is defined and whose decision is made conclusive. (§ 13-g, subd. 2.) In the case of persons injured outside the State the requirements respecting

selection of authorized physicians shall be inapplicable. (§ 13 [b].)

When these provisions were in effect, the plaintiff, a duly licensed physician, at the request of the defendant, an employer, rendered medical care in a case within the statute. He sues for the alleged fair and reasonable value of his services. The complaint does not show him to be a person authorized or otherwise entitled to receive payment in accordance with the law. For that reason, the pleading was dismissed by the Special Term as insufficient on its face. Affirmance followed in the Appellate Division. The case is here on an appeal permitted to the plaintiff by that court.

Plaintiff asserts that it is utterly inconsistent and, therefore, unreasonable for the State to declare a man to be a competent physician by licensing him to practice medicine and then to impose the additional requirement of a special authorization if the patient happen to be a workman victimized by accidental injuries arising out of and in the course of his employment. This amounts to saying that as among licensed doctors one must be taken to be in all cases as good a practitioner as another. We think the assertion is without support in the ordinary data of human experience, but if we are not supposed to know this to be so, then the presumption is that the Legislature inquired and found the need of special training or fitness for the treatment of compensable industrial injury and occupational disease.

An appropriate medical society or board may recommend authorization by the Commissioner if it deems the applicant " duly qualified." Plaintiff objects that the judgment thus committed is unlimited with the result that due process is denied, and that legislative power has been unlawfully delegated to non-governmental agencies. This criticism ignores other words of the statute which refute it. In an application for authorization, a duly licensed physician " shall state his training and qualifications " and shall agree to limit his professional activities under the law " to

such medical care as his experience and training qualify him to render." He may " present to the medical society or board evidences of additional qualifications at any time subsequent to his original application." When an application is granted, " such recommendation and authorization shall specify the character of the medical care which such physician is qualified and authorized to render." (Workmen's Compensation Law [§ 13-b, subd. 2].) There is here no unlawful delegation of power in violation of section 1 of article 3 of the State Constitution nor is the exercise of judgment so confined obnoxious to the Fourteenth Amendment to the Federal Constitution or section 6 of article 1 of the State Constitution. (*Hall* v. *Geiger-Jones Co.*, 242 U. S. 539; *People ex rel. Nechamcus* v. *Warden, etc.*, 144 N. Y. 529; *Matter of Elite Dairy Products, Inc.*, v. *Ten Eyck*, 271 N. Y. 488.)

The provisions designed to control the amounts to be awarded for medical services are assailed as wholly unrelated to any legitimate end of the exercise of State power. We think these are warranted as police regulations. (See *New York Central R. R. Co.* v. *White*, 243 U. S. 188, 207.) The medical care which the employer must furnish is part of the statutory compensation of the workman. It may well have been conceived that the minimum fee requirement would effectively put a stop to unwholesome competition for opportunity to treat employees and that it also would attract the more skillful and experienced doctors into that field. Power exists to assure full delivery of workmen's compensation to be awarded in money. (*Mountain Timber Co.* v. *State of Washington*, 243 U. S. 219.) Power to say that compensation in the form of medical care shall be adequate in quality is not essentially different. In the same view, there was warrant for the requirement of compulsory arbitration of the value of medical services. Settlement of that fact by the varying and uneven result of ordinary litigation would perhaps in the long run impair the grade of the medical care secured to those on whose lives and

safety the common welfare depends. We cannot say that there is no real and substantial relation between these limitations on the privilege to practice medicine under the law and the ends sought to be attained by the Legislature.

The exception for hospital patients and that for persons injured outside the State are denounced as arbitrary discriminations resulting in class legislation. But in one case the sufficiency of the treatment has the guaranty of quasi-official responsibility, and the other case is not fully within the control of the authorities of this State. Nor was the Legislature, acting within its proper field, bound to extend its regulation to all cases which it might properly reach. (*West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379.)

Other objections of the plaintiff go to the validity of the amended statute under narrower commands of the Constitution of the State. It is urged that voluntary medical societies are in effect made new departments of the State government in violation of sections 2 and 3 of article 5, and that compulsory arbitration of the value of medical services runs against the right of jury trial guaranteed by section 2 of article 1. On these points it is enough to add that further discussion is foreclosed by the same fundamental law. Section 19 of article 1 thereof provides: " Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment * * * by employers * * * either directly or through a State or other system of insurance or otherwise, of compensation for injuries to employees * * *; or for the adjustment, determination and settlement, with or without trial by jury, of issues which may arise under such legistion * * *."

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.