THOMAS M. REDDY, Appellant, *v.* MINNIE S. D. PEGRAM and Others, Copartners, etc., and Another, Respondents.

Supreme Court, Appellate Term, First Department, December 13, 1938.

*Hayt & Hayt*, for the appellant.

*William Butler*, for the respondents.

PER CURIAM. The Workmen's Compensation Law, as amended by chapter 258 of the Laws of 1935, adding sections 13-a to 13-j, inclusive, provides in section 13-g that unless within thirty days after a bill has been rendered to the employer by the physician *or hospital* which has treated an injured employee, such employer shall have notified the Commissioner and such physician *or hospital* in writing that such employer demands an impartial examination of the fairness of the amount claimed for his or *its services*, such examination is waived and the services deemed to be of the fair value of the amount claimed. If the parties fail to agree and the employer has demanded as required an impartial examination the value shall be decided by the arbitration committee provided in the section.

In our opinion the provisions of the statute are applicable specifically to hospitals as well as to physicians. The validity of the provisions in respect of physicians has been upheld in *Szold* v. *Outlet*

*Embroidery Supply Co.* (159 Misc. 911; affd., 248 App. Div. 865; affd., 274 N. Y. 271; appeal dismissed, 303 U. S. 623).

Under the authority and reasoning of that decision, the provisions of the amendment particularly in respect of an impartial examination by arbitration of the fairness of the amount claimed are valid as to hospitals. As defendant duly demanded an impartial examination plaintiff's assignor which knew the injured came within the Workmen's Compensation Law was required to submit the claim to the arbitration provided. Exacting a written agreement from the employer did not exclude the claim from the operation of the provisions of the statute. It obtained for the hospital the statutory benefit of waiver and the corresponding obligation of arbitration as to unfairness of charge upon notice and demand therefor.

Judgment affirmed, with twenty-five dollars costs.

All concur. Present — LYDON, HAMMER and SHIENTAG, JJ.