In the Matter of EDWARD J. BEESTING, Petitioner, against MEDICAL APPEALS UNIT OF THE INDUSTRIAL COUNCIL OF THE WORKMEN'S COMPENSATION BOARD OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, September 24, 1947.

*Walter J. Hampton* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Philip Kahauer* of counsel), for respondents.

PECORA, J.   Petitioner seeks an order pursuant to article 78 of the Civil Practice Act to vacate a determination of the Medical Appeals Unit of the Industrial Council of the Workmen's Compensation Board of the State of New York which denied petitioner's application for a license to operate an X-ray laboratory.   The denial was predicated upon the ground that there was no authorized physician supervising petitioner's X-ray laboratory.

Treatment by X rays is a species of medical care.   (*Matter of Sacharoff* v. *Corsi*, 296 N. Y. 927; *Matter of Blumenthal* v. *Corsi*, 296 N. Y. 930; *Matter of Serman* v. *Corsi*, 296 N. Y. 931.) The State, therefore, in the interests of the health and welfare of injured employees may determine that X-ray laboratories should be supervised by duly licensed physicians.

Subdivision 3 of section 13-b and section 13-c of the Workmen's Compensation Law, dealing with medical bureaus and laboratories and the licensing of compensation medical bureaus and laboratories, have a direct bearing upon the objectives of the Workmen's Compensation Law.   The regulations contained therein are a valid exercise of the police power of the State. While the petition attacks the constitutionality of the above sections of the Workmen's Compensation Law, the memorandum submitted does not press that point.   In any event, their constitutionality is clear and has been sustained by our courts. (*Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271.)   The discretion of the Medical Appeals Unit was properly exercised and this court will not disturb it.   The request in the petitioner's memorandum that this court hold that petitioner is not subject to the provisions of the statute cannot be considered upon this application which is made pursuant to article 78 of the Civil Practice Act.   The only matter before the court is the legality of the decision refusing petitioner a license.   On that issue the action of the Medical Appeals Unit is upheld.   Petitioner's motion is denied and the petition is dismissed.   Settle order.