In the Matter of the Claim of EILEEN EVANS, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, holding that the claimant was not eligible for benefits for a period beginning October 3, 1955. The claimant was graduated from law school in 1954 and was admitted to practice in New York State in October, 1955. Following her graduation from law school, the claimant worked for various periods as a librarian, as a clerk in the trust department of a bank and as an assistant editor of a law publishing firm. She was discharged from this last employment on May 27, 1955, because of excessive absence due to illness. At that time, she was in her fourth month of pregnancy. Claimant filed a claim for unemployment insurance benefits commencing June 6, 1955, and benefits were allowed. However, the Industrial Commissioner later ruled that the appellant was ineligible for benefits, as of October 3, 1955, on the ground that the claimant had shown "no active attachment to the labor market". At that time the claimant was in the eighth month of pregnancy. At a hearing before the referee, the initial determination was overruled. The referee found that, although the claimant was pregnant, she was in good health and was able to work and would be capable of working until the date of her confinement, which was expected to be November 18, 1955. The referee also found that the claimant had made reasonably diligent efforts to find work in a law office. The Unemployment Insurance Appeal Board reversed the decision of the referee and held the claimant ineligible for benefits commencing October 3, 1955, on the ground (1) that her pregnancy rendered her unable to perform the usual duties of her employment and (2) that she had failed to exert reasonable efforts to obtain employment. We find no substantial evidence in the record to support the board's conclusion. As to the first ground, the evidence demonstrated that the claimant's pregnancy did not interfere with her ability to perform the kind of work in which she had been engaged. Her work was primarily of

a research character and did not require contact with the public, so that her advanced stage of pregnancy did not of itself disqualify her from such employment. The claimant's doctor had certified that she was capable of working until delivery. The board based its decision upon its holding in another case that a woman in an advanced stage of pregnancy was not available for work as a saleswoman requiring contact with the public. That holding was obviously irrelevant in this case. As to the second ground of the board's decision, the evidence demonstrates that the claimant sought work by replying to advertisements in the *New York Law Journal*, the customary medium through which employment as a law clerk is found. There is also evidence that the claimant made personal telephone calls and went out for interviews and succeeded in obtaining one offer of employment, which she turned down because it would require her to work late at night. We therefore conclude that the board's determination that the claimant had made no real effort to obtain employment is not supported by substantial evidence. Decision of the Unemployment Insurance Appeal Board reversed, with costs to the appellant, and the matter remitted to the board for further proceedings not inconsistent with this memorandum. Before the argument of the appeal, the Industrial Commissioner had made a motion to dismiss the appeal, or in the alternative, to require the appellant to file a corrected record on the ground that the record on appeal as printed and filed by the claimant did not comply with the order of the board settling the record on appeal. We have excluded from consideration, in reaching our determination of the principal appeal, the papers in the printed record which were excluded from the proposed record by the order of the board. The Industrial Commissioner's motion to require the claimant to file a corrected record is denied, without costs, upon the ground that that matter is now academic. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.