In the Matter of the Claim of PAMELA REICH, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 1975, ruling claimant ineligible to receive benefits effective April 14, 1975 on the ground that she was unavailable for employment. Claimant was ruled unavailable with a finding that her search for work has "not been active, diligent, sincere or realistic". The board found that her efforts to find work were at first limited to proofreading, which she had previously done. Since there was little of such work available, and she was a college graduate, she was directed to seek other kinds of work and to register with temporary office help agencies. The board then found that, while claimant did register at a few temporary office help agencies, she made it clear that she did not feel qualified to do office work of a general nature. The board's conclusion that she had not made serious and determined efforts to try and find clerical work is supported by the evidence and must be affirmed *(Matter of Schierman [Catherwood],* 31 AD2d 672). This case is clearly distinguishable from *Matter of Evans (Lubin)* (5 AD2d 737), relied upon by claimant since there a pregnant claimant was denied benefits on the ground "that her pregnancy rendered her unable to perform the usual duties of her employment" and there was no evidence to support that conclusion. There is no such finding herein. We find no merit in claimant's contention that the standards for determining availability under subdivision 2 of section 591 of the Labor Law are not constitutionally specific. We also hold that the hearing herein complied with due process standards. Finally, the provisions of section 538

of the Labor Law limiting fees of attorneys for claimants are constitutional *(Yeiser v Dysart,* 267 US 540). Decision affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.