■ BEVERLY CROSBY, Appellant, v STATE OF NEW YORK, WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Swartwood, J.), entered March 5, 1981 in Tompkins County, which, in a declaratory judgment action, granted defendant's motion for summary judgment and dismissed plaintiff's complaint, which sought to declare section 24 of the Workers' Compensation Law unconstitutional. Injured in an industrial accident, plaintiff initially received workers' compensation benefits. Thereafter, benefits were discontinued and she sought the services of a highly regarded local trial attorney. Aware of section 24 of the Workers' Compensation Law, which makes it a misdemeanor for any person to exact or receive a fee for legal services rendered to a workers' compensation claimant except in an amount determined by the Workers' Compensation Board, the attorney accepted a $300 retainer to be applied against any subsequent fee approved by the board and apprised the board to that effect. When the board indicated that such an arrangement was illegal, the retainer was returned and plaintiff then instituted this action seeking a judgment declaring section 24 of the Workers' Compensation Law unconstitutional and enjoining its enforcement. She maintains that section 24 violates her right to privacy, her freedom to contract, and her right to equal protection under the law. The board's motion for summary judgment was granted. This appeal ensued. Plaintiff's right to privacy, inherent in the due process clause of the Fourteenth Amendment, is unaffected, for that right includes within its ambit

"matters relating to marriage, procreation, contraception, family relationships, and child rearing and education" (*Paul v Davis,* 424 US 693, 713), and not the right to contract with an attorney in a compensation case. Neither is the challenged provision violative of plaintiff's right to freedom to contract. The right to make contracts is not absolute, but subject to police power limitations reasonably employed (*Chicago, Burlington & Quincy R.R. Co. v McGuire,* 219 US 549, 568). Indeed, enforcement of laws similar to section 24, abridging the right to freely contract with attorneys, has long since been considered to be properly in the reach of the state's police power (*Yeiser v Dysart,* 267 US 540; *Matter of Reich [Ross],* 53 AD2d 925; see, also, *Matter of Quinn v State of New York,* 70 AD2d 670, 672). In her equal protection argument, plaintiff asserts that since the maximum possible fee awarded to a claimant's attorney is so far below the prevailing rates for legal services, workers are deprived of access to effectual and experienced counsel. With some force, she contends that since employees, on the one hand, and employers and workers' compensation insurance carriers on the other, do not labor under the same fee limitations, equal protection is denied; the latter may retain more expensive, and presumably more skillful, lawyers than can claimants. Unless a suspect classification is involved or a fundamental right is affected, the challenged classification will survive if there is any rational relationship between it and the legislative goal (*Dandridge v Williams,* 397 US 471). The justification advanced for section 24 is that it is social legislation designed to protect claimants from imprudent fee arrangements and resultant diminution of their awards. Employers and carriers, by contrast, are thought not to need similar protection. To assume, as plaintiff would have us do, that all workers have the same capacity she has to negotiate attorney's fees is to ignore reality. There being a reasonable affinity between the legislative objective and the means used, the statute is constitutional. Judgment modified, on the law, by adding thereto a provision declaring that section 24 of the Workers' Compensation Law is constitutional, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.