■ PETER ITALIANO, Respondent, v TOWN AND VILLAGE OF HARRISON, Appellant.

The complaint alleges, among other things, that plaintiff, a licensed peddler, has been denied his property rights without due process of law by defendant's adoption of a resolution restricting all parking and standing along the thoroughfare where plaintiff has operated a mobile frankfurter stand. It is further alleged that the resolution is designed for purposes other than public health, safety or general welfare and that there has been no record of automobile collisions or increased risks as a result of the presence of peddlers at the prohibited location to serve as a rational basis for its imposition.

Special Term correctly found that plaintiff's claim, which involves a conflict between a governmental act and the alleged constitutional rights of an individual, presents a justiciable controversy (see, Porto v Town/Vil. of Harrison, 100 AD2d 870). It is the business of the courts to resolve such disputes (New York Public Interest Research Group v Carey, 42 NY2d 527, 530). Nor did Special Term err in holding that the complaint, when liberally construed, states a cause of action.

Defendant cannot by resolution prohibit peddling in certain sections of its jurisdiction when conditions in the restricted sections are not dissimilar from those existing in many other areas and where the resolution bears no relation to the welfare of the public but is designed for the convenience and interest of a special class (Good Humor Corp. v City of New York, 290 NY 312, 319; People v Cohen, 272 NY 319, 322). However, defendant may pass legislation which would prohibit peddling in certain

streets if such action is reasonably calculated to achieve the valid public purposes of maintaining its busiest streets as free as possible from congestion and of preserving them for their primary purpose of public travel (*see, Duchein v Lindsay,* 42 AD2d 100, *affd* 34 NY2d 636; *People v Christian,* 96 Misc 2d 1109).

Although defendant proffered evidence that the resolution was passed for the latter purpose, Special Term did not convert the branch of defendant's cross motion which was to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) into one for summary judgment (CPLR 3211 [c]). Consequently, we note that our affirmance of Special Term's order, insofar as appealed from, does not foreclose defendant from bringing a motion for summary judgment. Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.