OPINION OF THE COURT
Alan LeVine, J.
In this action for a declaratory judgment and injunctive relief, defendant moves to dismiss the complaint for failure to state a cause of action.
Plaintiffs herein seek a judgment declaring that section 5108 of the Insurance Law is unconstitutional. Plaintiff Donald D. Goldberg, M.D., is a physician licensed to practice medicine in New York with a practice in orthopedic surgery. Plaintiff "John Doe,” a fictitious plaintiff, purports to represent both individuals who have been injured in automobile accidents who have attempted to have plaintiff Goldberg treat them and individuals otherwise treated by plaintiff Goldberg. Section 5108 of the Insurance Law provides as follows:
"(a) The charges for services specified in paragraph one of subsection (a) of section five thousand one hundred two of this article and any further health service charges which are incurred as a result of the injury and which are in excess of basic economic loss, shall not exceed the charges permissible under the schedules prepared and established by the chairman of the workers’ compensation board for industrial accidents, except where the insurer or arbitrator determines that unusual procedures or unique circumstances justify the excess charge.
"(b) The superintendent, after consulting with the chairman of the workers’ compensation board and the commissioner of health, shall promulgate rules and regulations implementing and coordinating the provisions of this article and the workers’ compensation law with respect to charges for the professional health services specified in paragraph one of subsection (a) of section five thousand one hundred two of this article, including the establishment of schedules for all such services for which schedules have not been prepared and established by the chairman of the workers’ compensation board.
"(c) No provider of health services specified in paragraph one of subsection (a) of section five thousand one hundred two of this article may demand or request any payment in addition to the charges authorized pursuant to this section. Every insurer shall report to the commissioner of health any pat *215 terns of overcharging, excessive treatment or other improper actions by a health provider within thirty days after such insurer has knowledge of such pattern”.
Defendant contends that plaintiffs have failed to demonstrate the existence of a justiciable controversy and to allege any unconstitutional deprivations resulting from the statute in question. Addressing the dismissal motion first insofar as it relates to plaintiff "John Doe”, the court notes that said plaintiff is fictitious. Although CPLR article 9 allows one or more members of a class to sue or be sued as representative parties on behalf of all if certain prerequisites exist (CPLR 901), this court has no other jurisdiction to litigate issues for people not before it who are purportedly represented by a fictitious plaintiff. In every action there must be a real plaintiff, and to maintain a civil action it is necessary that plaintiff be a person in law, an entity, which the law of the forum can recognize as capable of possessing and asserting a right of action. (MacAffer v Boston & Me. R. R., 242 App Div 140, revd 268 NY 400.) The naming of "John Doe” as a plaintiff herein appears to be an attempt by plaintiff Goldberg to represent a class of which he is not a member. The purpose of the class action statute (CPLR art 9) cannot be subverted by simply naming a fictitious "John Doe” as plaintiff. Accordingly, the complaint is dismissed insofar as it is asserted by plaintiff "John Doe”.
In eight causes of action herein, plaintiff Goldberg alleges that his rights to due process and equal protection have been violated by virtue of Insurance Law § 5108. The premise of this claim is that plaintiff Goldberg is limited by section 5108 in the amount he can charge for services rendered to persons who are injured by reason of the use or operation of a motor vehicle whose injuries are compensable under the No-Fault Law and that the permissible charges are generally below the prevailing fees charged by plaintiff Goldberg for his services.
At the outset, it must be observed that the State’s power to regulate the practice of medicine is well settled. (45 NY Jur, Physicians and Surgeons, § 9, at 291-292 [rev ed].) This power is derived from the State’s police power under which the State has the right, for the protection of the public health and welfare, to regulate the practice of any profession that requires special knowledge, skill and training. (Paterson v University of State of N. Y., 14 NY2d 432, 438.) The regulatory scheme for the medical profession is set forth in articles 130 and 131 of the Education Law. This power extends to requir *216 ing licenses (Education Law §§ 6501, 6522) but does not end with the granting of licenses. Rather, the license confers a personal privilege which may be exercised under restrictions existing at the time the license is granted and thereafter reasonably imposed. (45 NY Jur, Physicians and Surgeons, § 11, at 294-295 [rev ed].)
Also encompassed within the police power of the State in this regard is the power of the State to regulate medical fees. (Massachusetts Med. Socy. v Dukakis, 815 F2d 790 [1st Cir, Mar. 30, 1987]; Szold v Outlet Embroidery Supply Co., 274 NY 271, 279; see, Massachusetts Nurses Assn. v Dukakis, 726 F2d 41, 44 [1st Cir].) The field of medical fee regulation has been recognized as being one of State concern. (Massachusetts Med. Socy. v Dukakis, supra.) As an exercise of the police power, a statute regulating medical fees is valid when it is enacted for the promotion of the health, comfort, safety and welfare of the people and when the means adopted to secure that end are reasonable. (Health Ins. Assn. v Harnett, 44 NY2d 302, 309-310; 20 NY Jur 2d, Constitutional Law, §§ 209-210, at 297-302.) The question of reasonableness is one of which the Legislature is the primary judge, with every presumption favoring the validity of the statute. (Fearon v Treanor, 272 NY 268, 274; see, Health Ins. Assn. v Harnett, supra.)
Section 5108 was enacted to contain the cost of no-fault insurance premiums and to end the practice of significantly higher health care charges for auto accident victims than for persons not suffering auto injuries. It cannot be said that there is no real and substantial relation between the limitations on the privilege to practice medicine imposed by section 5108 and the ends sought to be attained by the Legislature. (Szold v Outlet Embroidery Supply Co., supra, at 279-280.) In Massachusetts Med. Socy. v Dukakis (supra), the First Circuit considered a Massachusetts statute which prohibits "balance billing”, the practice by which a doctor bills a patient for the balance of the doctor’s fee over and above the amount that the Medicare program has determined to be a reasonable charge. The Massachusetts statute makes a doctor’s promise not to balance bill Medicare patients a condition of obtaining or renewing a license. The court rejected a claim that the ban on balance billing violated due process by depriving doctors of the liberty to practice their profession. Rather, the court held that the ban amounted to a rule and that there is nothing irrational about a State’s saying that a doctor must promise to follow the rules.
*217 Similarly, there is nothing irrational about New York State saying that doctors must follow the rule set forth in section 5108. Thus, plaintiff Goldberg has failed to state a cause of action in his complaint. Accordingly, defendant’s motion is granted and the complaint is dismissed.