DONALD D. GOLDBERG et al., Appellants, v JAMES P. CORCORAN, as Superintendent of the Insurance Department of the State of New York, Respondent.

Second Department, December 29, 1989

**APPEARANCES OF COUNSEL**

*Kolodny & Bonomo (Anthony J. Bonomo* of counsel), for appellants.

*Robert Abrams, Attorney-General (Marcie S. Mintz* of counsel), for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

In this action for a declaratory judgment, the plaintiffs challenge the constitutionality of Insurance Law § 5108 insofar as it limits the amount that a provider of health services may demand or request in payment for services rendered under Insurance Law article 51, the Comprehensive Motor Vehicle Insurance Reparations Act, commonly referred to as "no-fault". For the reasons that follow, we declare that Insurance Law § 5108 is constitutional.

I

The plaintiff Donald D. Goldberg is an orthopedic surgeon licensed to practice medicine in the State of New York. The complaint alleges in contradictory fashion both that Goldberg treated patients under "no-fault" before and after December 1, 1977, the effective date of Insurance Law § 5108, and continues to treat such patients, and that Goldberg has refused to treat "no-fault" patients because of the fee limitations set forth in Insurance Law § 5108. Moreover, the complaint further alleges that the plaintiff "John Doe" is a fictitious representative of the class of individuals who have sought treatment from Goldberg both under "no-fault" and otherwise. In other portions of the complaint, it is variously alleged that "John Doe" is representative of those individuals whom Goldberg refused to treat under "no-fault" and who were treated

by another physician, as well as those individuals who have health insurance policies that do not exclude "no-fault" payments.

The plaintiffs sought a judgment declaring Insurance Law § 5108 unconstitutional on the grounds that it (1) deprives the plaintiffs of property without due process of law, (2) is arbitrary, irrational and without basis in fact, (3) is unconstitutionally vague, (4) denies the plaintiffs equal protection of the law, (5) violates "John Doe's" right to privacy, and (6) impairs "John Doe's" health insurance contracts and the plaintiffs' rights to enter into contracts. The defendant moved to dismiss the complaint for failure to state a cause of action. Specifically, the defendant alleged that there was no justiciable controversy between the parties and that, in any event, Insurance Law § 5108 is constitutional. The Supreme Court granted the motion and dismissed the complaint, holding that the fictitious plaintiff "John Doe" could not be the representative of a class and that the State, in the exercise of its police powers, had the authority to regulate medical fees *(see, Goldberg v Corcoran,* 136 Misc 2d 213). We now modify the judgment by declaring Insurance Law § 5108 constitutional.

## II

In February 1973 the Legislature enacted the Comprehensive Automobile Insurance Reparations Act, the so-called "no-fault" law (L 1973, ch 13). The object of this act was to reimburse persons injured in motor vehicle accidents for their economic loss regardless of fault. Economic loss was generally considered to be lost wages and health provider expenses. In an affidavit in support of the defendant's motion to dismiss the complaint, the Assistant Chief of the Property and Casualty Insurance Bureau of the New York State Insurance Department, averred that prior to the enactment of "no-fault", the experience of the insurance industry indicated that economic loss was composed of roughly equal amounts attributable to lost wages and health provider expenses. Under the original "no-fault" statute, health service providers were entitled to be paid all "reasonable and necessary" charges. However, by 1976, three short years after its enactment, insurers and self-insurers were paying about $3 to health providers for each $1 paid for lost wages. The State Insurance Department could find no logical reason for this dramatic shift in the relative composition of economic loss, inasmuch as both wages

and health costs had been rising at a fairly even pace. In his affidavit, the Assistant Chief also noted that the "no-fault" portion of automobile insurance premiums increased 72% on average during the 14-month period from July 1, 1975, to August 31, 1976.

In September 1976, the New York State Insurance Department undertook a series of studies to compare payments made under "no-fault" with the scheduled payments for similar medical services rendered under the Workers' Compensation Law. These studies revealed that physicians in certain areas of the State were receiving on average 133% more under "no-fault" than they would have received for rendering the same services under the schedules established by the Workers' Compensation Board. As a result of these studies, Laws of 1977 (ch 892), which added what is now Insurance Law § 5108, was enacted to provide that in general, the charges by providers of health services under the "no-fault" law shall not exceed the charges set forth in the schedules established by the Workers' Compensation Board. Furthermore, the statute authorized the Superintendent of Insurance, after consulting with the Commissioner of Health and the Chairman of the Workers' Compensation Board, to establish schedules of authorized payment for services not covered by the schedules already promulgated by the Workers' Compensation Board. In this action, the plaintiff Goldberg particularly challenges the limitation on fees charged to "no-fault" patients as set forth in Insurance Law § 5108 (c), which provides as follows: "No provider of health services specified in paragraph one of subsection (a) of section five thousand one hundred two of this article may demand or request any payment in addition to the charges authorized pursuant to this section. Every insurer shall report to the commissioner of health any patterns of overcharging, excessive treatment or other improper actions by a health provider within thirty days after such insurer has knowledge of such pattern".

### III

■■ Turning to the question of justiciability we find that the Supreme Court correctly dismissed all claims asserted on behalf of "John Doe". It is conceded that "John Doe" does not exist; hence, no valid lawsuit may be brought by "John Doe" *(see, MacAffer v Boston & Me. R. R.,* 268 NY 400, 404). Nor can the plaintiff Goldberg serve as the representative of his

patients as a class, inasmuch as their pecuniary interests are clearly in conflict with his own. The Supreme Court was therefore correct in dismissing all claims alleged on behalf of "John Doe". However, the plaintiff Goldberg has presented a justiciable issue with reference to Insurance Law § 5108, and the Supreme Court should have made a declaration as to its constitutionality *(see, Sweeney v Cannon,* 30 NY2d 633; *Italiano v Town & Vil. of Harrison,* 110 AD2d 684; *Crosby v State of New York, Workers' Compensation Bd.,* 85 AD2d 810, *affd* 57 NY2d 305; *Lanza v. Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901),* rather than dismissing the entire complaint for failure to state a cause of action.

## IV

▪ We hold that Insurance Law § 5108 is constitutional. Contrary to the plaintiffs' contentions, the adoption of fee schedules under section 5108 does not contravene the Due Process Clauses of the US or NY Constitutions. The purpose of the statute and the fee schedules promulgated thereunder is to "significantly reduce the amount paid by insurers for medical services, and thereby help contain the no-fault premium" (Governor's Program Bill, 1977 McKinney's Session Laws of NY, at 2449; *see also,* Governor's mem in support of Assembly Bill 7781-A). We conclude that the Legislature was acting in pursuit of permissible State objectives in enacting Insurance Law § 5108 and that the means adopted by the statute are reasonably related to the accomplishment of those objectives *(see, Montgomery v Daniels,* 38 NY2d 41; *Italiano v Town & Vil. of Harrison, supra,* at 685).

▪ Nor does the statute unreasonably impair the plaintiff Goldberg's right to contract. The right to make contracts is not absolute, but is subject to regulation where the public need requires, as here *(see, Nebbia v New York,* 291 US 502; *Crosby v State of New York, Workers' Compensation Bd.,* 85 AD2d 810, 811, *supra).*

▪ The plaintiff Goldberg's claim that Insurance Law § 5108 is unconstitutionally vague is similarly unavailing. He contends that it cannot reasonably be determined from the statute whether a physician is prohibited from accepting "voluntary payments". While it is true that civil as well as penal statutes can be tested for vagueness under the Due Process Clause *(see, Montgomery v Daniels, supra,* at 58, citing *Giaccio*

*v Pennyslvania,* 382 US 399, 401), as a matter of due process, a law is void on its face only if it is so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application" *(Connally v General Constr. Co.,* 269 US 385, 391). Insurance Law § 5108 (c) states that "[n]o provider of health services * * * may demand or request any payment in addition to the charges authorized pursuant to this section". We find that a person of average intelligence would understand this to constitute a prohibition against accepting any payments in excess of the fee schedule, including payments "voluntarily" made by patients.

■ Nor does section 5108 deny the plaintiffs equal protection under the law. Unless a suspect classification is involved or a fundamental right is affected, neither of which is true here, the challenged classification will survive if there is any rational relationship between it and the legislative goal to be achieved *(see, Dandridge v Williams,* 397 US 471; *Montgomery v Daniels,* 38 NY2d 41, 58, *supra).* Inasmuch as there is a reasonable affinity between the stated legislative objective and the means employed to realize it in this case, the statute is not violative of the Equal Protection Clause.

■ Finally, we reject the claim that the statute violates the plaintiff Goldberg's right to privacy. While the precise contours of the decision-making aspect of this right have yet to be defined *(see, Carey v Population Servs. Intl.,* 431 US 678, 684-685), "this aspect of the right of privacy is limited to the most personal and intimate matters of individual choice of conduct" *(Crosby v State of New York, Workers' Compensation Bd.,* 57 NY2d 305, 312, *supra).* Contrary to the plaintiff Goldberg's contention, the physician-patient relationship involved in this case is not entitled to the same protection afforded in *Griswold v Connecticut* (381 US 479, 485-486), since the relationship protected there arose in the context of a married couple's intimate decision about whether to have a child. Notwithstanding the importance of a patient's decision in choosing a no-fault physician, such a choice "simply does not have such an intimate or sensitive character as to warrant protection under this constitutional doctrine" *(Crosby v State of New York, Workers' Compensation Bd., supra,* at 312).

■ Finally, we note that many of the arguments set forth by the plaintiff Goldberg in attacking the limitations on the fees which he may charge to injured patients under "no-fault" were originally advanced and rejected more than 50 years ago in a constitutional attack upon the strictures of what was

then called the Workmen's Compensation Law *(see, Szold v Outlet Embroidery Supply Co.,* 274 NY 271). In this regard, the court in *Szold* found that "[t]he provisions designed to control the amounts to be awarded for medical services * * * are warranted as police regulations" *(Szold v Outlet Embroidery Supply Co., supra,* at 279). We find this reasoning to be equally applicable to the present case.

Accordingly, we declare that Insurance Law § 5108 is constitutional.

MOLLEN, P. J., BRACKEN and RUBIN, JJ., concur.

Ordered that the order and judgment is modified by deleting the provision thereof which granted that branch of the defendant's motion which was to dismiss those claims alleged on behalf of the plaintiff Donald D. Goldberg, and substituting therefor a provision denying that branch of the motion and declaring that Insurance Law § 5108 is constitutional; as so modified the order and judgment is affirmed, with costs to the respondent.