OPINION OF THE COURT
Joseph R Glownia, J.
Plaintiff vendors have moved for an order, by way of declara *694 tory judgment relief, determining the legality of peddling and vending in the Abbott Road right-of-way area between Southwestern Boulevard and Route 20A in the Town of Orchard Park, and granting an injunction prohibiting any interference with vending activities.
Defendants Buffalo Bills Football Club, Inc. (Bills) and the County of Erie (County) respond by alleging that the vendors trespass and create a nuisance when they enter the grassy area between the curb and sidewalk alongside the Abbott Road right-of-way adjacent to the Erie County Stadium to sell food and merchandise on game days of the Bills. Defendants Bills and County urge the court to grant an order declaring the vendors’ activities a trespass, public nuisance, and safety hazard and enjoin the vendors’ use of the right-of-way. They argue that the vendors’ licenses from the Town of Orchard Park do not entitle them to vend within the right-of-way, inasmuch as Abbott Road is a County right-of-way, within the Stadium’s pedestrian and traffic control, which has been leased by the County to the Bills. Therefore, it is an area no longer properly open to vending. Defendants also seek attorney fees and damages for expenses incurred in attempting to regulate the activities of the vendors to control their effect on traffic and safety and to secure the quiet enjoyment of the Bills’ leasehold rights.
On August 14, 1995, this court directed that a hearing be held "on the issue of whether or not such use of the property in question creates a public safety hazard or a nuisance in the area * * * [and] to determine the facts surrounding the use of this property by the vendors, or the controls that are reasonable * * * in controlling vending and not necessarily prohibiting it en toto.”
That hearing was held on July 22, 1996 through July 24, 1996.
Subsequently, all parties filed and exchanged briefs and memoranda of law in support of their respective positions.
At the hearing, plaintiffs called to testify Erie County Health Department Senior Public Health Investigator Robert Mossell, and five members of the plaintiff class, individual vendors Michael Doehler, Sally Bender, Andrew Wyatt, Andrew Butler, and Harry Kelly. Defendants called as their witnesses Chief Robert C. Henning, Chief of Police of the Orchard Park Police Department, Bills Director of Security William Bambach, Bills Assistant General Manager of Business Operations William G. Munson II, Ogden Food Services General Manager Thomas Sciarrino, Traffic Engineer George Triepel, and four private se *695 curity representatives who the Bills employ, Antonio Manzella, Richard Walczak, Robert Mossman, and Russell Medina.
From the evidence presented, the following pertinent facts determinative of the motions before the court were elicited:
This action was commenced in response to a letter issued by counsel for the Bills dated July 20, 1994, which stated in pertinent part, "Permits issued by the Town of Orchard Park are not valid on property leased by the Buffalo Bills. The property includes the area between the road and the sidewalk or parking lots.”
Abbott Road is a public highway owned by the County which runs in a north-south direction. The land in this area immediately adjacent to Abbott Road is likewise owned by the County. Pursuant to legislative enactment, this land was to be developed and maintained as a stadium for the benefit of the citizens of Erie County. The County Legislature also authorized the County to enter into contracts and leases for the occupancy of this land and for concessions thereon. In accord with this authority, the County entered into a lease with the Bills granting them exclusive rights to the use and occupancy of the stadium. The stadium is defined as encompassing all property running to the center line of Abbott Road and includes the area in dispute, which generally speaking, is described as an easement extending 50 feet from the center line of Abbott Road to the east and west, including a 22-foot wide area extending from the curb toward the sidewalk on the east and west sides of Abbott Road.
On game/event days of the Bills, plaintiff vendors set up stationary carts, tables, booths and tents in the Abbott Road right-of-way and conduct the business of vending. No evidence was presented to show that vending ever occurred on the paved portions of Abbott Road itself nor has the vending restricted vehicular traffic. None of the vendors had applied for or received permission from the County or the Bills to occupy either the Abbott Road right-of-way or the abutting property. All vendors testified that they had obtained vending permits issued by the Town of Orchard Park providing them with a license to vend upon the public places or streets of the Town of Orchard Park. The County of Erie has no such licensing provisions. Estimates of the number of vendors who occupied the Abbott Road right-of-way on game/event days ranged from as little as 12 to as many as 75. Booths and/or tables are assembled within hours before the events and dismantled subsequent to the crowd departure.
*696 On game/event days of the Bills, as many as 78,000 people enter the stadium, many of whom walk from the 12,000 vehicle capacity parking lots located on the east and west sides of Abbott Road. Satellite lots and private property also accommodate unspecified large numbers of vehicles. The existence of heavy congestion of both vehicular and pedestrian traffic as game time approaches and concludes is not in dispute.
Testimony elicited from George Triepel, a highway engineering expert, was offered by codefendants Bills and County to establish accepted highway safety and design standards. Mr. Triepel opined that at 45 miles per hour a 25-foot clear area— defined as the area which would provide adequate recovery room for an errant vehicle to safely return to the highway without causing harm — was required for the Abbott Road right-of-way. It is not disputed that the area occupied by the vendors falls squarely within the 25-foot clear area referenced by Mr. Triepel. It should be noted that for the most part vending occurs on this particular section of Abbott Road at a time when vehicular traffic is police directed and slowed resulting from the large number of people walking and driving into the stadium area itself.
Evidence was presented to establish the occurrence of numerous game /event day physical injury and property damage incidents in the stadium area over the last five years. However, no evidence was presented by the Bills and the County to connect a single one of these incidents, directly or indirectly, in whole or in part, to the vendors’ presence on the Abbott Road right-of-way. Indeed, on cross-examination on this very point, both Orchard Park Police Chief Henning and Bills Assistant General Manager of Business Operations William G. Munson II conceded as much.
On the other hand, overwhelming evidence was presented to establish that alcohol consumption in the general stadium area and in particular in the parking lots is a legitimate public safety hazard and the major source of complaints and injuries. The record is devoid of any indication that the vendors have any causal connection whatsoever to the alcohol consumption problems genuinely presented.
Except to perhaps slow the movement of pedestrians who would stop to purchase, no objective evidence has been presented by the Bills and the County to establish that the vendors’ presence vel non in the Abbott Road right-of-way has any impact one way or other on the issues of pedestrian or motorist traffic control in view of the magnitude of the congestion presented.
*697 The Court of Appeals has clearly determined as stated in Good Humor Corp. v City of New York (290 NY 312, 317) that: "Peddling merchandise upon streets and highways is a lawful vocation recognized and regulated by general statutes adopted from time to time by the Legislature. Though streets and highways are intended primarily for the use of pedestrians and vehicles travelling upon them, the vending of merchandise by persons who have no fixed place of business and who carry their merchandise in vehicles or on their persons and who seek customers from those passing along the streets is a common and traditional use of the streets.” The Court further stated (at 320): "the business of peddling is lawful when conducted in manner [sz'c] which does not injure or annoy the public or impede traffic upon the street”.
Stated a different way, peddling may only be prohibited if "such action is reasonably calculated to achieve the valid public purposes of maintaining its busiest streets as free as possible from congestion and of preserving them for their primary purpose of public travel [citation omitted].” (Italiano v Town & Vil. of Harrison, 110 AD2d 684, 685.)
Applying these general principles of law to the facts presented on this record, this court is unable to find that the vendors’ presence in the Abbott Road right-of-way creates a public safety hazard or nuisance requiring restriction and/or prohibition nor that a restriction or removal of the vendors from the Abbott Road right-of-way would inure to the public benefit.
The Bills further contend that as lessees of the Abbott Road right-of-way they are entitled to have the vendors removed as trespassers in the same way a vendor may be stopped from vending in front of a private home. Implicitly, such an argument is premised on the notion that the public right-of-way changed its character and became the unencumbered private property of the Bills when they leased the entirety of the stadium property from the County. How that has occurred, however, has not been explained by the Bills. Nor have they offered any authority to support the underlying basic premise, arguments, and conclusions proffered.
Rather, the relationship of the Bills and County which is before this court is this and nothing more than this:
The County as landlord leased to the Bills the stadium area, a small portion of which is encumbered by a public right-of-way. The Bills as tenant took from the County only that which the County could give, to wit, a stadium area which is *698 encumbered by a public right-of-way. That public right-of-way exists yet today and encumbers the stadium area leased by the Bills. In essence, the public in large numbers is invited by the Bills to a public event. The public arrives via public right-of-way designed and preserved for public travel. Hence, any claim by the Bills that the vendors trespass when they occupy the public right-of-way and in doing so infringe upon their private property interest is unavailing. To say otherwise would be to disregard and subsequently relegate the rights of the vendors as clearly recognized and legally established by the Court of Appeals in Good, Humor (supra).
Therefore, this court finds and concludes for the reasons stated above that peddling and vending in the Abbott Road public right-of-way is lawful and should not be interfered with. Plaintiff vendors’ motion is granted. Defendants’ request for relief is denied.