OPINION OF THE COURT
Michael D. Stallman, J.
Defendants move for summary judgment dismissing the complaint on the ground that plaintiff may not maintain this action because it is in violation of Insurance Law § 5108 and 11 NYCRR 68.4.
The following facts are not in dispute: Defendant Edward Upton was injured in a motor vehicle accident on January 4, 1993. On or about March 8, 1994, plaintiff, an orthopedic surgeon, performed a laminectomy on defendant’s cervical spine. After plaintiff submitted his surgery bill to the no-fault *187 carrier, the carrier informed plaintiff that defendant’s no-fault benefits had already been exhausted. Thereafter, plaintiff billed defendants $8,545 for the surgery.
Plaintiff seeks to recover the full $8,545 billed. Defendant claims that he paid plaintiff $1,250. Plaintiff has not denied the alleged part payment.
Defendants argue that plaintiff may not maintain this action because defendants assert that the surgical fee plaintiff charged is in excess of the no-fault rates, pursuant to Insurance Law § 5108 and 11 NYCRR 68.4.
Defendants’ counsel, in an affirmation supported by portions of various payment schedules of the Workers’ Compensation Board, asserts that the maximum allowable charge for the procedure is $3,294.08. Defendant Edward Upton further asserts that plaintiff had treated him for one year prior to the surgery and plaintiff billed the no-fault carrier for these visits. Plaintiff asserts that the first time defendant came to his office was February 17, 1994. Plaintiff claims that he told defendant that under no circumstances would plaintiff undertake any surgical procedure unless payment was assured. Plaintiff contends that defendant informed plaintiff that he had full assurance that the requested fee for the laminectomy would be paid. Plaintiff attaches as an exhibit to his papers an assignment dated October 12, 1995 wherein defendant assigned to plaintiff $8,545 from the proceeds from his personal injury lawsuit against Elizabeth Moss.
A health care provider, having chosen to proceed under the no-fault statute, must conform to the requirement of Insurance Law § 5108. This section authorizes a health provider to receive fees, as per the schedules prepared and established by the Workers’ Compensation Board. (See, Goldberg v Corcoran, 153 AD2d 113.) Pursuant to Insurance Law § 5108 (c), a health care provider is forbidden to "demand or request” any payment in excess of the authorized charges from the no-fault patient.
Insurance Law § 5108 therefore contains a limitation on the amount of the fee that a no-fault provider can charge. Neither the statute nor Goldberg v Corcoran (supra), relied upon by defendants, bars a provider from recovering any fee if he or she billed in excess of the fee permitted by statute. Rather, the provider should be permitted to sue for the legally permissible fee. Consequently, even if the ad damnum sought exceeds the legally permissible fee, the law does not require automatic dismissal. If there is a triable factual question that some portion of the legally permissible fee is outstanding, then the action *188 should proceed to trial and the ad damnum should be appropriately reduced to the legally recoverable amount.
Here, even assuming, arguendo, the applicability of defense counsel’s analysis, defendants apparently still owe money to plaintiff toward the amount that defendants claim is the legally permissible maximum fee. Defendants’ analysis, however, was not supported by an affidavit equivalent to expert witness testimony, as to the applicability, use and interpretation of the annexed schedules and the components of defendants’ calculation of the alleged maximum permissible fee.
Accordingly, defendants’ motion for summary judgment dismissing the complaint is denied.*
Plaintiff’s request (at the conclusion of his affidavit in opposition to this motion) for costs and attorneys’ fees pursuant to CPLR 8303-a is denied.

 The court notes that defendants delivered to the courthouse an unauthorized postsubmission reply affirmation on October 22, 1997; the affirmation was not considered on this motion.