OPINION OF THE COURT
Peter Paul Sweeney, J.
Respondents’ motion for summary judgment is decided as follows:
*300 In this hybrid proceeding, the respondents had previously moved by pre-answer motion to dismiss all causes of action alleged in the petition. By decision and order dated September 21, 2012, the motion was partially granted and all causes of action were dismissed except for the declaratory judgment cause of action in which petitioner seeks a declaration that Insurance Law § 5108 (b)[1] is unconstitutional. The court held that this cause of action, even though alleged in a CPLR article 78 proceeding, was subject to the rules governing plenary actions and that respondents’ motion, to the extent it sought an order dismissing this cause of action, was a motion for summary judgment which was premature as issue had not been joined (CPLR 3212 [a]). Although the respondents’ motion insofar as it sought dismissal of this cause of action was denied, the denial was without prejudice and respondents were granted leave to renew after they interposed an answer. Respondents have since interposed an answer and now they seek renewal of their motion to dismiss the cause of action in which petitioner seeks a declaration that Insurance Law § 5108 (b) is unconstitutional. The court will now address the motion.
Insurance Law § 5108 (b), in essence, authorizes the Superintendent, after consulting with the Commissioner of Health and the Chairman of the Workers’ Compensation Board, to establish schedules of authorized payment for services not covered by the schedules already promulgated by the Workers’ Compensation Board. Petitioner contends that Insurance Law § 5108 (b) must be invalidated as an affront to the separation of powers doctrine.[2] In this regard, petitioner maintains that the statute was an unlawful delegation of legislative power to the Superintendent inasmuch as it gave him unfettered discretion in establishing fee schedules for services not covered by the schedules al *301 ready promulgated by the Workers’ Compensation Board. The court disagrees.
While “[t]he legislative power of this state shall be vested in the senate and assembly” (NY Const, art III, § 1) and that legislature cannot pass on its law-making functions to other bodies (.Matter of Mooney v Cohen, 272 NY 33, 37 [1936]), there is no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the legislature (Packer Coll. Inst. v University of State of N.Y., 298 NY 184, 190 [1948]; Matter of Barone v Waterfront Commn. of N.Y. Harbor, 18 Misc 2d 1066, 1069 [1959], affd 8 AD2d 783 [1959], affd 7 NY2d 913 [1960]). It is now well settled that “[t]he Legislature may constitutionally delegate rule-making authority to an administrative agency [even] if it furnishes the agency with . . . a broad outline within which to act” (Matter of Bates v Toia, 45 NY2d 460, 464 [1978]; see Matter of Levine v Whalen, 39 NY2d 510, 515-516 [1976]).
The outline within which the Superintendent must act in connection with his discretionary authority to implement and interpret the provisions of the Insurance Law, including Insurance Law § 5108 (b), is set forth in Insurance Law § 301, which, in relevant part, provides: “The superintendent shall have the power to prescribe and from time to time withdraw or amend, in writing, regulations, not inconsistent with the provisions of this chapter” (Insurance Law § 301 [emphasis added]).[3] In Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d 854 [2003]), the Court of Appeals addressed whether Insurance Law § 301 violated the separation of powers doctrine and held the “broad grant of regulatory power” the statute bestowed upon the Superintendent did “not cede to the executive branch fundamental legislative or policymaking authority, which remains at all times with the Legislature” (100 NY2d at 864- *302 865). This holding can only be interpreted to mean that Insurance Law § 301 provides a constitutionally adequate standard to govern the Superintendent’s discretionary authority to promulgate regulations implementing and interpreting the Insurance Law, including Insurance Law § 5108 (b). Indeed, the holding in Medical Socy. of State of N.Y. is consistent with the modern view that it is no longer “necessary that the Legislature supply administrative officials with rigid formulas in fields where flexibility in the adaptation of the legislative policy to infinitely variable conditions constitute the very essence of the programs” (Matter of Nicholas v Kahn, 47 NY2d 24, 31 [1979]). Accordingly, Insurance Law § 5108 (b) is not an unconstitutional affront to the separation of powers doctrine.
For all of the above reasons, it is hereby ordered and adjudged that Insurance Law § 5108 (b) is not unconstitutional; and it is further ordered and adjudged that respondents’ motion for summary judgment dismissing the cause of action in which petitioner seeks a declaration that Insurance Law § 5108 (b) is unconstitutional is granted.

. Insurance Law § 5108 (b) provides:
“The superintendent, after consulting with the chairman of the workers’ compensation board and the commissioner of health, shall promulgate rules and regulations implementing and coordinating the provisions of this article and the workers’ compensation law with respect to charges for the professional health services specified in paragraph one of subsection (a) of section five thousand one hundred two of this article, including the establishment of schedules for all such services for which schedules have not been prepared and established by the chairman of the workers’ compensation board.”

. In Goldberg v Corcoran (153 AD2d 113, 118 [2d Dept 1989]), the Court upheld the constitutionality of Insurance Law § 5108 but did not address whether the statute was an affront to the separation of powers doctrine.

. Insurance Law § 301, in its entirety, provides:
“The superintendent shall have the power to prescribe and from time to time withdraw or amend, in writing, regulations, not inconsistent with the provisions of this chapter:
“(a) governing the duties assigned to the members of the staff of the department;
“(b) effectuating any power, given to him under the provisions of this chapter to prescribe forms or otherwise make regulations; “(c) interpreting the provisions of this chapter; and “(d) governing the procedures to be followed in the practice of the department.”