582 A.2d 888

PENNSYLVANIA MEDICAL PROVIDERS ASSOCIATION, Pennsylvania Osteopathic Medical Association, Arnold Sadwin, M.D., Jack A. Danton, D.O., Paul Sedacca, M.D., and Jenkintown Orth–Medics, Inc., Petitioners,

v.

Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, and Ernest D. Preate, Jr., Attorney General of the Commonwealth of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 13, 1990.

Decided Nov. 19, 1990.

234

Leonard Dubin, with him, Lawerence J. Beaser, George J. Krueger, Ann B. Laupheimer, and Howard A. Burde, Blank, Rome, Comisky & McCauley, Philadelphia, for petitioners.

Michael J. McCaney, Jr., Gordon, McCaney and Gordon, Philadelphia, for intervenors-petitioners, Pennsylvania Chiropractic Soc. and Mario A. Spoto, D.C.

Gregory P. Miller, Sp. Counsel, Philadelphia, with him, Linda J. Wells, Chief Counsel, Victoria A. Reider, Deputy Chief Counsel, Richard J. Enterline and Terrance A. Keating, Asst. Counsel, Harrisburg, for respondent, Constance B. Foster, Insur. Com. of the Com. of Pa.

Sandra W. Stoner, Deputy Atty. Gen., with her, John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for respondent, Ernest D. Preate, Jr., Atty. Gen. of the Com. of Pa.

Ilene W. Shane, Disabilities Law Project, Philadelphia, for amicus curiae, United Cerebral Palsy of Pennsylvania and Families United Seeking Excellence.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

COLINS, Judge.

Before this Court are preliminary objections of respondent, Constance B. Foster, Insurance Commissioner of the Commonwealth of Pennsylvania, to the Petition for Review, filed March 5, 1990, by petitioners, Pennsylvania Medical Providers Association, Pennsylvania Osteopathic Medical Association, Arnold Sadwin, M.D., Jack A. Danton, D.O., Paul Sedacca, M.D. and Jenkintown Orth–Medics, Inc. Petitioners seek to enjoin enforcement of Section 18 of the Act of February 7, 1990, P.L. 8 (Act 6), which substantially amended Section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1797 to reduce the costs of automobile insurance by limiting medi-

cal benefits payments by insurers of automobiles. The amendments to Section 1797 became effective on April 15, 1990.

Prior to the enactment of Act 6, Section 1797 of the Law read:

A person or institution providing treatment, accommodations, products or services to an injured person for an injury covered by medical or catastrophic loss benefits shall not make a charge for the treatment, accommodations, products or services in excess of the amount the person or institution customarily charges for like treatment, accommodations, products and services in cases involving no insurance.

Following amendment by Act 6, Section 1797 prohibits a person or institution providing treatment, accommodations, products or services to an automobile accident victim for an injury covered by liability or uninsured and underinsured benefits, or first party medical benefits, including extraordinary medical benefits, for a motor vehicle (provider) from requiring, requesting or accepting payment

in excess of 110% of the prevailing charge at the 75th percentile; 110% of the applicable fee schedule, the recommended fee or the inflation index charge; or 110% of the diagnostic-related groups (DRG) payment; whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered, or the provider's usual and customary charge, whichever is less.

75 Pa.C.S. § 1797(a). Section 1797 also establishes a peer review program whereby automobile insurers are required to contract with Peer Review Organizations (PRO's).[1] The

---

1. Section 1702 of the Law defines Peer Review Organization as: [a]ny Peer Review Organization with which the Federal Health Care Financing Administration or the Commonwealth contracts for medical review of Medicare or medical assistance services, or any health care review company, approved by the Commissioner, that engages in peer review for the purpose of determining that medical and rehabilitation services are medically necessary and economical-

insurer may question whether the treatment, services, products or accommodations provided to an injured person "conform to the professional standards of performance and are medically necessary" by submitting the challenge to a PRO for evaluation. 75 Pa.C.S. § 1797(b)(1).

Petitioners filed a Petition for Review addressed to the Court's original jurisdiction challenging the constitutionality of Act 6. Petitioners seek declaratory and injunctive relief in three counts. Count I alleges that Section 1797(a) of the Law is unconstitutional on its face and as applied to petitioners because by using Federal Medicare allowances as a basis by which to calculate provider reimbursement, the General Assembly has improperly delegated to the Federal Government its exclusive power to regulate the automobile insurance system in Pennsylvania, in violation of Article II, § 1 of the Pennsylvania Constitution.[2] Count II alleges that Section 1797(a) and Section 1797(b) are unconstitutionally vague and ambiguous and violate the due process clause of the Fourteenth Amendment to the United States Constitution, and Article I, § 1 of the Pennsylvania Constitution. Count III alleges that the peer review provisions of Section 1797(b) are facially violative of the Fourteenth Amendment due process clause of the United States Constitution and Article I, § 1 of the Pennsylvania Constitution. It is alleged, inter alia, that these provisions allow private common nongovernmental PRO's with financial interests aligned with the insurer to control the amount the insurer pays a provider for treatment, accommodations, medical products or services provided for injuries covered by automobile insurance benefits without providing for any judicial review if the provider's charges are denied; that these provisions allow an insurer indefinitely to withhold payment

ly provided. The membership of any PRO utilized in connection with this chapter shall include representation from the profession whose services are subject to the review.
75 Pa.C.S. § 1702.

**2.** That section of the Pennsylvania Constitution provides: "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA CONST. art. II, § 1.

from a provider for services rendered without providing for any judicial intervention; and that they provide the Insurance Commissioner with authority to approve PRO's without any standards or guidelines. The petition was supplemented with an application for special relief, which petitioners filed on March 14, 1990.

On March 27, 1990, the Pennsylvania Medical Society also filed a Petition for Review and Motion for Preliminary Injunction challenging the constitutionality of Section 1797.[3] These matters were not consolidated; however, the Court held joint hearings on the requests for special relief, due to the fact that they dealt with a common issue. Respondent, Attorney General, filed preliminary objections March 27, 1990, which were sustained and the Petition for Review was dismissed against the Attorney General by order dated June 1, 1990. The subject preliminary objections were filed by Respondent, Insurance Commissioner, on April 4, 1990. An amicus curiae brief was filed on behalf of United Cerebral Palsy of Pennsylvania and Families United Seeking Excellence on April 9, 1990. By order dated April 11, 1990, the Court granted a petition to intervene filed by the Pennsylvania Chiropractic Society and Mario A. Spoto, D.C.

Following the joint hearings, the Court issued identical orders on April 11, 1990, which, in essence, enjoined the respondent Commissioner from implementing or enforcing any portion of Section 1797(a) of the Law, but denied the petitioners' requests for relief concerning Section 1797(b). Respondent Commissioner appealed to the Pennsylvania Supreme Court, which served as an automatic supersedeas to this Court's order pursuant to Pa.R.A.P. 1736(b).[4] Petitioners filed a motion to vacate the automatic supersedeas, pending appeal, pursuant to Pa.R.A.P. 1732, which was granted from the bench on April 16, 1990, followed by written order dated April 17, 1990 and supported by an unreported opinion filed April 20, 1990. The Supreme

3. 137 Misc. Docket 1990.
4. Petitioners cross-appealed April 23, 1990. Both appeals are currently pending before the Pennsylvania Supreme Court.

Court, on April 19, 1990, reimposed the automatic stay pending appeal, temporarily staying this Court's April 17, 1990 order. An order was also issued by this Court April 23, 1990, postponing a hearing on petitioners' motion for a permanent injunction until further order of the Court.

Respondent Commissioner's preliminary objections contain demurrers to Counts I, II and III of the Petition for Review, averring that petitioners failed to state a cause of action because they have not alleged facts sufficient to prove the allegations set forth therein. Further, respondent avers that petitioners failed to join insurers writing automobile insurance in Pennsylvania as necessary parties to obtain declaratory relief and, therefore, that this Court lacks jurisdiction under the Declaratory Judgments Act.[5]

 In ruling on a demurrer, the Court must accept as true all well-pleaded allegations in the petition for review and all inferences reasonably deduced therefrom. *Bryson v. Solomon,* 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986) *petition for allowance of appeal denied,* 519 Pa. 668, 548 A.2d 257 (1988). We will sustain a demurrer only when it appears with certainty that the law permits no recovery if the facts are as pleaded. *Id.*

 Respondent first maintains that there has been no improper delegation of power to the Federal government in Section 1797(a). The General Assembly merely chose to incorporate a Federal standard or method of calculation into Section 1797, which is a legitimate exercise of its legislative function. *Commonwealth v. Warner Brothers Theatres, Inc.,* 345 Pa. 270, 27 A.2d 62 (1942); *East Suburban Press, Inc. v. Township of Penn Hills,* 40 Pa.Commonwealth Ct. 438, 397 A.2d 1263 (1979). Section 1797(a) does not empower the Federal government with law making authority over Pennsylvania automobile insurance reform and, therefore, is not violative of Article II, Section 1 of the Pennsylvania

5. 42 Pa.C.S. §§ 7531–7541.

Constitution. Accordingly, we grant respondent's demurrer to Count I of the Petition for Review.[6]

 Respondents next argue that petitioners have failed to present facts sufficient to show that the provisions of Section 1797 are unconstitutionally vague or ambiguous. It is respondent's position that petitioners need not be concerned with the complexity of the Medicare payment system since there is nothing in Section 1797 requiring providers to calculate the applicable Medicare allowance. Respondent maintains that the provider simply bills the carrier and the carrier then calculates the reimbursable payment and that the provider need have no knowledge of the framework within which the reimbursable payment is determined. We believe this is an over-simplification of the process involved and certainly an unrealistic projection of a provider's role in the reimbursement process. For example, there appears to be no provision for whether a provider can lawfully attempt to collect from an insured in the event that his or her automobile insurance benefits have been exhausted. Petitioners note that Section 1797(b) of the Act empowers a PRO to reject charges by providers, if, in its opinion, the treatment, accommodations, service or equipment provided did not "conform to the professional standards of performance" or was not "medically necessary." Petitioners argue that absent any guidelines regarding professional standards of performance and absent a definition for medical necessity, a reasonable person has no notice of what conduct is proscribed and no safeguards against discriminatory application of the Act. Therefore, petitioners assert that Section 1797 violates due process. Respondent counters that "necessary medical treatment and rehabilitative services" are defined in 75 Pa.C.S. § 1702 as:

> [t]reatment, accommodations, products or services which are determined to be necessary by a licensed health care

6. We decline to address petitioner's additional argument in their Memorandum of Law that Act 6 improperly delegates legislative power to the Commissioner in violation of Article II, Section 1 of the Pennsylvania Constitution. Petitioners failed to raise this argument in their Petition for Review and, therefore, it is waived.

provider unless they shall have been found or determined to be unnecessary by a State-approved Peer Review Organization (PRO).

However, without more, this definition provides little clarity to health care providers. It is well settled that "legislation can be so vague as to deny due process in its enforcement when it limits the ability of those to whom the statute is directed to understand that which is prohibited or mandated." *Singer v. Sheppard*, 33 Pa.Commonwealth Ct. 276, 282–83, 381 A.2d 1007, 1010 (1978). Obviously, there are many questions which remain unanswered with respect to petitioners' allegations of vagueness and ambiguity within the Act 6 amendments. Therefore, we must deny respondent's preliminary objection in the nature of a demurrer to Count II of petitioners' petition insofar as we cannot conclude with certainty that the law would bar recovery if the facts are as pleaded. *Bryson.* We also note that the instant action was filed shortly after the passage of Act 6, and that it is possible that subsequent regulations could serve to clarify any arguable vagueness within the Act.

Respondent next demurs to Count III of the petition alleging that petitioners have not produced facts showing a sufficient nexus between the state and the PRO's under Section 1797(b) of the Act in order to invoke due process protection. The Fourteenth Amendment of the United States Constitution provides in part that "[n]o State shall ... deprive any person of life, liberty, or property without due process of law." Protection can only be invoked, however, when the action complained of may be fairly said to be that of the state. There is no protection afforded for merely private conduct, even though discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). In *Blum*, Medicaid recipients challenged their discharge or transfer from nursing homes in which they resided to lower levels of care without receiving adequate notice or hearing, in violation of due process. The decisions involved were made by private physicians and nursing home administrators. The Supreme

Court held that the recipients failed to establish state action and thus failed to prove any violation of their Fourteenth Amendment rights. The Court expressed that simply because a private business is subject to state regulation does not alone convert its action into that of the state for purposes of the Fourteenth Amendment, even though the state adjusts the patients' Medicaid benefits in response to the nursing homes' discharge or transfer decisions. Respondent, in the instant matter, argues that the *Blum* decision compels this Court to reach the same result. We do not agree, since *Blum* is factually distinct from the instant matter. Herein, petitioners are challenging a particular state regulation and procedures. *See Peterson v. City of Greenville*, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963).

Additionally, respondents object on the basis that petitioners have not shown that providers have a protected property interest in the amount of reimbursement they may receive from insurers for their voluntary services to insured victims. It is this Court's belief that what petitioners complain of is the unreasonable regulation of doctor/patient relationships under Act 6. "[T]he right to practice one's chosen profession free from *unreasonable* governmental interference falls within the 'liberty' and 'property' concepts of the fifth and fourteenth amendments." *Meier v. Anderson*, 692 F.Supp. 546, 551–52, (1988), *aff'd*, 869 F.2d 590 (1989) (emphasis in original). The Pennsylvania Supreme Court stated in *Adler v. Montefiore Hospital Association of Western Pennsylvania*, 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied*, 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974), that:

> [o]ur own decisions have recognized these same limitations on governmental powers: '[A] law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be obtained. Under the guise of protecting the public

interests the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations.'

*Id.,* 453 Pa. at 72, 311 A.2d at 640 (quoting *Gambone v. Commonwealth,* 375 Pa. 547, 551, 101 A.2d 634, 637 (1954)). Clearly, petitioners are participating in a lawful occupation. What remains is a factual determination of whether Act 6 unreasonably interferes with the doctor/patient relationship and the rights of those parties to contract. In order to make that determination, an evidentiary record needs to be established. Therefore, respondents' preliminary objection in the nature of a demurrer to Count III of the petition is denied.

■ Finally, respondent charges that petitioners have failed to join every insurer writing automobile insurance in the Commonwealth as necessary parties because pursuant to the Declaratory Judgments Act, this Court lacks jurisdiction unless all whose interests may be affected by a judgment are made parties of record. Section 7540 of the Declaratory Judgments Act, 42 Pa.C.S. § 7540, provides that a declaratory judgment action will not lie unless all interested persons who could be affected by the judgment are joined as parties. The Pennsylvania Supreme Court in *Columbia Gas Transmission Corp. v. Diamond Fuel Company,* 464 Pa. 377, 346 A.2d 788 (1975), defined an indispensable party as "one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *See, e.g., County of Allegheny v. Commonwealth,* 71 Pa.Commonwealth Ct. 32, 453 A.2d 1085 (1983) (county could not seek declaratory judgment to resolve a conflict between the Second Class County Code and the Federal Age Discrimination and Employment Act regarding personnel reduction in county fire department without joinder of additional firemen whose continued employment could be affected by the judgment). Clearly, the interest of the insurance carriers in the instant matter is not the degree contemplated under 42 Pa.C.S. § 7540. There-

fore, this Court finds that all necessary parties have been named in this action and respondents' objection is overruled.

## ORDER

AND NOW, this 19th day of November, 1990, the Insurance Commissioner of the Commonwealth of Pennsylvania, Constance B. Foster's, preliminary objection in the nature of a demurrer to Count I of the Petition for Review is granted. All other preliminary objections of the Commissioner are overruled. The Commissioner is directed to file an Answer to the Petition for Review with thirty (30) days of the entry of this order.