613 A.2d 51

**PENNSYLVANIA MEDICAL PROVIDERS ASSOCIATION, Pennsylvania Osteopathic Medical Association, Arnold Sadwin, M.D., Jack A. Danton, D.O., Paul Sedacca, M.D., Jenkintown Orth–Medics, Inc., Petitioners,**

v.

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, and Ernest Preate, Jr., Attorney General of the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided July 10, 1992.

Leonard Dubin, for petitioners.

Gregg W. Mackuse, for respondents.

Michael J. McCaney Jr., for intervenor.

Before CRAIG, President Judge, and COLINS, J., and SILVESTRI, Senior Judge.

COLINS, Judge.

Presently before this Court is the motion for summary judgment filed by Constance B. Foster, Insurance Commis-

sioner of the Commonwealth of Pennsylvania (Commissioner). For the reasons set forth within, we grant summary judgment.

On March 5, 1990, the Pennsylvania Medical Providers Association, the Pennsylvania Osteopathic Medical Association, Arnold Sadwin, M.D., Jack A. Danton, D.O., Paul Sedacca, M.D., and Jenkintown Orth–Medics, Inc. (petitioners) filed a petition for review in this Court's original jurisdiction, alleging that Section 1797 of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1797 is unconstitutional.

Section 1797 of the Law was substantially amended by the Act of February 7, 1990, P.L. 11. Section 1797(a) now provides that "[a] person or institution providing treatment, accommodations, products or services to an injured person for an injury covered by liability or uninsured and underinsured benefits or first party medical benefits...." cannot receive payment for the treatment, accommodations, products, or services in excess of 110% of what Medicare would pay for comparable services or the provider's usual and customary charge, whichever is less. Section 1797(a) also prohibits a provider from billing the insured for the difference between the provider's full charge and the amount paid by the insurer. Section 1797(b) requires insurers to contract with a peer review organization (PRO) "for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary."

Pursuant to Pa.R.C.P. No. 1035(b), summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is appropriate in an action, such as this, for declaratory and injunctive relief. *Pennsylvania Public Utility Commission Bar Association v. Thornburgh*, 62 Pa.Commonwealth Ct. 88, 434 A.2d 1327 (1981), *aff'd per curiam*, 498 Pa. 589, 450 A.2d 613 (1982). Here, where there are no disputed material facts, the sole

issue is whether the Commissioner is, as a matter of law, entitled to summary judgment.

## I.

Count I of the petition for review alleges that Section 1797(a) of the Law is unconstitutional on its face and as applied to petitioners, because it improperly delegates legislative power to regulate the automobile insurance system to the federal government by adopting the Medicare reimbursement rate as the basis for calculating reimbursement to providers. This Court granted the Commissioner's preliminary objection to Count I of the petition for review, thereby dismissing Count I, in *Pennsylvania Medical Providers Association v. Foster*, 136 Pa.Commonwealth Ct. 232, 582 A.2d 888 (1990) (*PMPA I* ). Presently, the Commissioner, in her motion for summary judgment, requests that we dismiss Count I of the intervenors'[1] petition for review, because it is identical to Count I of petitioners' petition for review. For the reasons set forth in *PMPA I*, we grant Count I of the Commissioner's motion for summary judgment.

## II.

Count II of the petition for review alleges that Section 1797(a) of the Law is unconstitutionally vague, because its prohibition on direct billing of the insured "does not specify whether these rules apply to limit the permissible charges by a provider in the event that automobile insurance benefits available to the automobile accident victim have been exhausted." Count II also alleges that Section 1797(b) of the Law is unconstitutionally vague, because it contains no guidelines or definition for the terms "medically necessary" and "conform to the professional standards of performance," the standards by which a PRO is required to evaluate the treatment provided to an insured.

---

1. On April 10, 1990, this Court granted the petition to intervene filed by the Pennsylvania Chiropractic Society and Mario A. Spoto, D.O.

We believe that the Commissioner's duly promulgated regulations at 31 Pa.Code § 69.22 address petitioners' allegation regarding whether limits on charges apply when auto insurance benefits have been exhausted.[2]  31 Pa.Code § 69.22(c) requires an insurer to notify a provider, within thirty days of its receipt of the provider's bill, that an insured's first party benefits have been exhausted.  31 Pa.Code § 69.22(e) allows a provider to bill an insured for services not paid pursuant to his or her automobile insurance policy, because the insured's benefit limits had been exhausted.  We hold that 31 Pa.Code § 69.22 cures the vagueness of Section 1797(a) alleged by petitioners.  *E.g., Pennsylvania Medical Society v. Foster,* 137 Pa.Commonwealth Ct. 192, 585 A.2d 595 (1991) (properly promulgated regulations can cure vagueness problems).[3]  We, therefore, grant Count II of the Commissioner's motion for summary judgment with regard to that portion of Count II of the petition for review which pertains to whether Section 1797(a) is unconstitutionally vague.

■ The petition for review also alleges that Section 1797(b) of the Law is unconstitutionally vague, because it permits a PRO to disallow a provider's charge for services which do not "conform to the professional standards of performance and are [not] medically necessary," but it does not

2. Pursuant to Section 506 of what is commonly known as the Commonwealth Documents Law, 45 Pa.C.S. § 506, we take judicial notice of the Commissioner's regulations at 31 Pa.Code §§ 69.1–69.55, which were published at 21 Pa.B. 5601 (1991), and which explain and implement Section 1797 of the Law.

3. We rule only on the narrow issue regarding whether the Commissioner's regulations address petitioners' specific allegation that Section 1797(a) is unconstitutionally vague, because it did not address whether the limits on charges apply when auto insurance benefits have been exhausted.  We make no ruling regarding whether the regulations are themselves vague or inconsistent with the Law as petitioners argue in their brief, because petitioners have waived that issue by not amending their petition for review to allege any problem with the regulations.  In fact, petitioners' petition for review, which was filed prior to the Commissioner's promulgation of regulations, asks only that she be enjoined from promulgating any regulations.  The issue of the validity of various sections of the regulations is being addressed in several cases pending before this Court, for example, *Pennsylvania Association of Rehabilitation Facilities v. Foster,* 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992).

define those terms. The Commissioner's motion for summary judgment alleges that "[t]hese standards are meant to refer to the typical professional norms which a medical provider must comply with in the course of the provider's practice."

Pursuant to Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(a), Sections 1797(a) and 1797(b) of the Law must be read in pari materia, because "they relate to the same persons or things or to the same class of persons or things." As Section 1797(a) relies on the federal Medicare statute, we believe that the terms "conform to the professional standards of performance" and "medically necessary" in Section 1797(b) refer to the standards set forth in the federal statute establishing peer review of Medicare services. Those standards have withstood challenge that they are unconstitutionally vague. *Association of American Physicians and Surgeons v. Weinberger,* 395 F.Supp. 125 (N.D.Ill.), *aff'd sub nom., Association of American Physicians and Surgeons v. Mathews,* 423 U.S. 975, 96 S.Ct. 388, 46 L.Ed.2d 299 (1975). We hold, therefore, that the terms are not unconstitutionally vague, and we grant Count II of the Commissioner's motion for summary judgment with regard to that portion of Count II of the petition for review which pertains to whether Section 1797(b) is unconstitutionally vague.

## III.

Count III of the petition for review alleges that Section 1797(b) of the Law violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution for five enumerated reasons.[4] First, petitioners allege that Section 1797(b) violates due process because "it allows a private, non-governmental PRO with financial interests aligned with the insurer to control the amount the private, non-governmental insurer pays a provider for treatment, accommodations, medical products or services provided for injuries covered by

4. Again, we rule only on the narrow issue regarding whether the Commissioner's regulations or the Law address petitioners' specific allegations.

automobile insurance benefits without providing for any judicial review if the providers' charges are denied[.]" The Commissioner's regulations, however, address petitioners' concern. 31 Pa.Code § 69.52(m) provides that an insurer, a provider, or an insured, may appeal a PRO's final determination to the courts.

Second, petitioners allege that Section 1797(b) violates due process because, "without providing for any judicial intervention, it allows an insurer indefinitely to withhold payment from a provider for treatment, health care services, products or accommodations to an automobile accident victim which have been found medically necessary simply by paying a non-compensatory rate of interest[.]" Contrary to petitioners' allegation, Section 1797(b)(4) permits "[a] provider of medical treatment or rehabilitative services or merchandise or an insured [to] challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO." Additionally, that section provides for treble damages if the insurer's conduct is "wanton."

Third, petitioners allege that Section 1797(b) violates due process because "it allows the insurer the final, non-reviewable authority to determine whether a provider has properly calculated the permissible charge for treatment, accommodations, services or equipment for injuries covered by automobile insurance benefits and to determine the amount the insurer will pay." The Commissioner's regulations address petitioners' concern. 31 Pa.Code § 69.26 sets forth the procedures by which a provider who disagrees with an insurer's decision can submit a complaint to the Insurance Department.

Fourth, petitioners allege that Section 1797(b) violates due process, because "it delegates to the federal government the authority to make administrative decisions under Pennsylvania law by permitting the federal government to approve PROs." The General Assembly has chosen to incorporate a federal standard in Section 1797(b), and such an incorporation is a legitimate exercise of the General Assembly's legislative

210

function. *Commonwealth v. Warner Brothers Theatres, Inc.,* 345 Pa. 270, 27 A.2d 62 (1942).

Fifth, petitioners allege that Section 1797(b) violates due process, because "it delegates to the Insurance Commissioner authority to approve PROs without any standards whatsoever." We believe that Section 1702 of the Law provides standards for the Commissioner to use in establishing her approval process for PRO's. That section provides that a PRO must "engage[ ] in peer review for the purpose of determining medical and rehabilitation services are medically necessary and economically provided. The membership of any PRO utilized in connection with [the Law] shall include representation from the profession whose services are subject to the review." Having established policy through its enactment of the Law, the General Assembly has granted the Commissioner discretion to implement that policy according to the standards set forth in Section 1702 of the Law.

We grant Count III of the Commissioner's motion for summary judgment, because each of petitioners' due process concerns regarding Section 1797(b) of the Law is addressed by the Commissioner's duly promulgated regulations or by the Law itself.

Accordingly, the Commissioner's motion for summary judgment is granted.

## ORDER

AND NOW, this 10th day of July, 1992, the Commissioner's motion for summary judgment is granted.