624 A.2d 274

**PENNSYLVANIA MEDICAL SOCIETY, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania; the Insurance Department; and Ernest D. Preate, Jr., Attorney General of the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided April 6, 1993.

Robert B. Hoffman, for petitioner.

Gregg W. Mackuse, for respondent.

Before PALLADINO and SMITH, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The Petitioner, Pennsylvania Medical Society (Society), has filed a petition for review in our original jurisdiction.[1] The Society challenges the constitutionality of section 18 of the Act of February 7, 1990, P.L. 11, Act No. 90–6 (Act 6). Section 18

---

1. Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a).

of Act 6 amended section 1797 of the Motor Vehicle Financial Responsibility Law (MVFRL) [2] governing the amount and the manner in which a medical services provider can collect fees for the treatment of patients injured in automobile accidents. Presently before this court are cross motions for summary judgment filed by the Society and the Respondent, Insurance Commissioner Constance B. Foster [3] (Commissioner), as to all counts of the Society's petition for review. For the reasons which follow, we grant summary judgment in favor of the Commissioner.

## I. Procedural History

The Society, on behalf of its physician members who throughout the Commonwealth, treat patients injured in motor vehicle accidents, filed its petition for review on March 27, 1990. On March 30, 1990, an amended petition for review (petition) was filed. That petition contains five counts, all seeking declaratory and injunctive relief.

In counts I and II, the Society contends that the confused and incomplete drafting of section 1797(a) and the Commissioner's failure to promulgate regulations which might clarify the circumstances under which the limitations on charges and patient billing apply, constitute a violation of a physician's rights. Specifically, the Society charges the statute denies its members substantive due process under the fourteenth amendment of the United States Constitution and article I, section I of the Pennsylvania Constitution. The Society also asserts that the statute is unconstitutionally vague.

In count III of the petition, the Society claims that, in the absence of legislative findings that physician charges to patients injured in motor vehicle accidents are excessive and/or unnecessarily high or that they have contributed in a meaningful way to increases in the costs of motor vehicle insurance, the imposition of the limitations on charges violates a physi-

---

**2.** 75 Pa.C.S. §§ 1701–1799.7.

**3.** Cynthia M. Maleski has since succeeded Ms. Foster and is currently the Acting Insurance Commissioner of the Commonwealth of Pennsylvania.

cian's rights to substantive due process under the Pennsylvania and United States Constitutions.

Count IV states that the adoption by section 1797(a) of calculations made under the Federal Medicare Program constitutes an improper delegation of legislative authority in violation of Article 2, § 1 of the Pennsylvania Constitution. And in count V of the petition, the Society contends that the Commissioner has misinterpreted and misapplied a central provision of section 1797(a), providing that physicians be compensated at 110% of the Medicare prevailing charge at the 75th percentile. The Society seeks a determination that the Commissioner's action is illegal as contrary to section 1797(a).

Respondent, Attorney General Ernest D. Preate, Jr., filed preliminary objections to the Society's petition and alleged that he was not a necessary party. The Commissioner also filed preliminary objections to the petition. The preliminary objections were consolidated for resolution. By a published opinion and order of January 11, 1991, the commonwealth court (1) sustained the Attorney General's preliminary objections and dismissed the petition as to him; (2) sustained the Commissioner's preliminary objection as to count IV of the petition, thereby dismissing the same; (3) dismissed the Commissioner's preliminary objections as to counts 1, 2, 3 and 5 of the Society's petition; and (4) concluded that Act 6 is rationally related to a legitimate state interest. *Pennsylvania Medical Society v. Foster* (PMS I), 137 Pa.Commonwealth Ct. 192, 585 A.2d 595 (1991).

On May 2, 1991, the Society filed a motion for partial summary judgment.[4] By a published opinion and order of April 29, 1992, this court denied the Society's motion. The court concluded that the Society was not clearly entitled to judgment as a matter of law and suggested that a praecipe for trial be filed by either party. *Pennsylvania Medical Society*

---

**4.** The Society expressly requested summary judgment on counts 2, 3 and 5 of its petition. Because count 1 of the motion was subsumed by count 2, this court will continue to treat the motion as implicitly seeking summary judgment as to count 1. *See PMS II.*

*v. Foster* (PMS II), 147 Pa.Commonwealth Ct. 528, 608 A.2d 633 (1992).

The Society filed a praecipe for trial which was scheduled for January 4, 1993. On November 20, 1992, the Commissioner filed a motion to continue trial so that her motion for summary judgment could be decided.[5] The motion to continue was granted over the Society's objection by an order of December 8, 1992. On December 18, 1992, the Society filed a motion to reinstate its motion for summary judgment. This court granted the motion by order of January 13, 1993, noting that both parties averred that no material issues of fact were in dispute and that the matter had resolved itself solely into a question of law as to the correct interpretation of Act 6. Accordingly, we are now asked to resolve the cross motions for summary judgment of the Society and the Commissioner.

## II. Cross Motions for Summary Judgment

Summary judgment is properly granted pursuant to Pa. R.C.P. 1035(b) where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). Summary judgment is appropriate in an action such as this, where the parties are seeking declaratory and injunctive relief. *Pennsylvania Medical Providers Association v. Foster,* 149 Pa.Commonwealth Ct. 203, 613 A.2d 51 (1992). As noted above, the parties now agree that there are no material issues of fact in dispute and therefore, this action is ripe for disposition on the merits.

The Commissioner and the Society present three issues for our consideration: (1) whether the billing prohibitions of the medical cost containment provisions of Section 1797(a) of the MVFRL violate the Society's substantive due process rights; (2) whether the Commissioner's interpretation of ·section 1797(a) is consistent with the language of the statute and the

5. The Commissioner's motion for summary judgment was filed on July 29, 1991.

intent of the General Assembly; and (3) whether the Commissioner's duly enacted regulations have cured the alleged vagueness of the prohibition on direct patient billing contained in section 1797(a).

### III. Substantive Due Process

In count III of the Society's motion for summary judgment, the Society claims that it is entitled to summary judgment because section 1797(a) is unnecessarily broad and is not reasonably related to its purpose of controlling automobile insurance costs and premiums. Therefore, the Society argues that section 1797(a) is violative of the Due Process Clause under the Pennsylvania and United States Constitutions.

■ A lawfully enacted statute is presumed to be constitutional and is not to be declared otherwise unless it clearly, palpably and plainly violates the constitutions of the Commonwealth or the United States. *Parker v. Commonwealth of Pennsylvania, Department of Labor and Industry,* 115 Pa.Commonwealth Ct. 93, 540 A.2d 313 (1988), *aff'd,* 521 Pa. 531, 557 A.2d 1061 (1989). An overbroad statute violates substantive due process when it deprives a person of a constitutionally protected interest through means which are not rationally related to a valid state objective because they sweep unnecessarily broadly. *Adler v. Montefiore Hospital Association of Western Pennsylvania,* 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied,* 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974); *PMS II.*

This court has previously determined that the Society's members possess a protected interest in the practice of their profession. *PMS II.* We have further held that the motor vehicle insurance regulation and cost reduction purpose of Act 6 and section 1797 of the Law, as amended by Act 6, constitute a valid state objective. *Id.* Therefore, we must now determine whether the Society's members are being deprived of that interest through means which are rationally related to the state objective and are not unnecessarily broad.

■ The billing prohibitions of section 1797 are as follows:

(a) General rule.—A person or institution providing treatment, accommodations, products, or services to an injured person for an injury covered by liability or uninsured and underinsured benefits or first party medical benefits . . . shall not require, request or accept payment for the treatment, accommodations, products or services in excess of 110% of the prevailing charge at the 75th percentile . . . or the provider's usual and customary charge, whichever is less. . . . Providers subject to this section may not bill the insured directly but must bill the insurer for a determination of the amount payable. The provider shall not bill or otherwise attempt to collect from the insured the difference between the provider's full charge and the amount paid by the insurer.

The Society argues that the goals of regulating motor vehicle insurance in the Commonwealth and reducing the cost of insurance to policy holders are not served by the prohibitions on physician billing. They further argue that the provisions serve only to unnecessarily restrict the free choice of physicians and prevent a licensed physician from providing treatment to a willing patient. We do not agree.

A careful reading of the section suggests that the provisions in no way restrict a physician's ability to choose whether or not to treat a particular patient. The provisions serve to restrict the amount the physician may charge a patient whom he has voluntarily treated. As noted in the Commissioner's brief, cost containment provisions, including a provision prohibiting the medical provider from charging more than a specified fee for a particular service, are an accepted legislative means to control the costs of medical benefits and to ensure that the savings achieved by the payor are not then shifted to the persons receiving the medical service. *See Goldberg v. Corcoran*, 153 A.D.2d 113, 549 N.Y.S.2d 503 (1989), *appeal dismissed*, 75 N.Y.2d 945, 555 N.Y.S.2d 689, 554 N.E.2d 1277 (1990) (limitations on physicians' charges coupled with a prohibition on balance billing held to be rationally related to the legislature's objective in passing an automotive reform statute).

In addition, because the General Assembly has specifically determined that the reimbursement allowances applicable in this Commonwealth under the Medicare program [6] are an appropriate basis upon which to calculate payment for medical services to those injured in automobile accidents, we find case law concerning physician challenges to the Medicare billing procedures to be persuasive. *Whitney v. Heckler*, 780 F.2d 963 (11th Cir.1986), *cert. denied sub nom. Whitney v. Bowen*, 479 U.S. 813, 107 S.Ct. 65, 93 L.Ed.2d 23 (1986) (fee freeze for medical services provided to Medicare beneficiaries found to be rationally related to valid state objective by precluding physicians from shifting the burden of the reductions onto Medicare beneficiaries); *American Society of Cataract and Refractive Surgery v. Bowen*, 725 F.Supp. 606 (D.D.C.1989) (limits on medical provider payments are rationally related to concerns over medical costs as well as a desire to avoid shifting the burden of cost savings to Medicare beneficiaries).

Therefore, we conclude that the billing prohibitions of section 1797(a) are rationally related to a valid state objective and are not unnecessarily broad. Accordingly, count III of the Society's motion for summary judgment is denied and count III of the Commissioner's motion for summary judgment is granted.

## *IV. Regulations*

The second issue presented for our consideration is derived from count V of the petition. The Commissioner contends that she is entitled to summary judgment because her interpretation of the statutory language of section 1797(a) is consistent with the intent of the General Assembly. Specifically, the Commissioner has construed the statute to provide that where applicable, a medical provider is to receive 110% of what Medicare would pay in the Commonwealth of Pennsylvania for a particular service.

The Society contends that it is entitled to summary judgment because the Commissioner's interpretation is not consis-

**6.** 42 U.S.C. §§ 1395–1395ccc.

tent with Medicare regulations and is therefore, contrary to the intent of the Legislature. We disagree.

The Society, in challenging the Commissioner's interpretation of Act 6, must show that this interpretation is clearly erroneous. *PMS II; See also Carol Lines, Inc. v. Pennsylvania Public Utility Commission,* 83 Pa.Commonwealth Ct. 393, 477 A.2d 601 (1984).

It is the Commissioner's position that in enacting the medical cost containment provisions of Act 6, the General Assembly incorporated, as a whole, the payment allowances under Medicare.

In pertinent part, section 1797(a) states that payment for medical services provided to a person injured in a motor vehicle accident shall not be:

in excess of 110% of the prevailing charge at the 75th percentile; 110% of the applicable fee schedule, the recommended fee or the inflation index charge; or 110% of the diagnostic-related groups (DRG) payment; whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered, or the provider's usual and customary charge, whichever is less. The General Assembly finds that the reimbursement allowances applicable in the Commonwealth under the Medicare program are an appropriate basis to calculate payment for treatments, accommodations, products or services for injuries covered by liability or uninsured and underinsured benefits or first party medical benefits insurance.... If a prevailing charge, fee schedule, recommended fee, inflation index charge or DRG payment has not been calculated under the Medicare program for a particular treatment, accommodation, product or service, the amount of the payment may not exceed 80% of the provider's usual and customary charge.

43 Pa.C.S. § 1797(a).

This court has previously stated that the above quoted statutory language serves to "limit payment to persons or

institutions providing treatment, accommodations, products, or services to an injured person to 110% of the Medicare payment, or if a payment has not been calculated under Medicare, to an amount that does not exceed 80% of the provider's usual and customary charge." *Boston Old Colony v. Insurance Department of the Commonwealth of Pennsylvania,* 146 Pa.Commonwealth Ct. 142, 150, 604 A.2d 1191, 1195 (1992). We continue to adhere to this interpretation of the statutory language which is in accordance with the Commissioner's regulations and her conclusions regarding the intent of the General Assembly. Therefore, we hold that the Commissioner's interpretation of the statute is not clearly erroneous.

Accordingly, count V of the Society's motion for summary judgment is denied and count V of the Commissioner's motion for summary judgment is granted.

## V. *Vagueness*

The final issue presented is whether the Commissioner's duly enacted regulations have cured the alleged vagueness of the prohibition on direct patient billing contained in section 1797(a). The Society argues that basic and recurring billing situations have yet to be resolved by the Commissioner's regulations, including the relative priority of health insurance and motor vehicle liability and underinsured/uninsured coverages. The Commissioner argues that she is entitled to summary judgment on this issue because the regulations enacted have resolved the billing contingencies raised by the Society.

This court has previously held that the Society is not entitled to summary judgment on this issue. In *PMS II,* we stated:

> having taken judicial notice of the Commissioner's newly promulgated regulation at 31 Pa.Code § 69.22 which interprets section 1797 of the [MVFRL], we conclude that the Commissioner's regulation eviscerates the Society's contention regarding the purported unconstitutional vagueness of the direct patient billing prohibition. All of the billing contingencies listed in the Society's brief are accommodated by the Commissioner's regulation at 31 Pa.Code § 69.22

which the Commissioner has interpreted to include the prerequisite that a physician make a *reasonable inquiry* about available automobile insurance coverage before directly billing a patient.

*PMS II*, 147 Pa.Commonwealth Ct. at 545, 608 A.2d at 642 (emphasis in original).

Thus, in accordance with our previous decision on this issue, we hold that count II of the Society's motion for summary judgment is denied and counts I and II of the Commissioner's motion for summary judgment are granted.

## VI.  Conclusion

Because we have found in favor of the Commissioner with respect to the three issues presented, the motion for summary judgment of the Society is denied and the cross motion for summary judgment filed by the Commissioner is granted. The petition of the Society is dismissed with prejudice.

## ORDER

AND NOW, April 6, 1993, pursuant to Pa.R.C.P. No. 1035, the motion of the Pennsylvania Medical Society for summary judgment in the above-captioned case is hereby denied.  The cross motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for summary judgment is hereby granted.  The amended petition for review of the Pennsylvania Medical Society is dismissed with prejudice.