IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R. R.,                                     :
                    Petitioner             :
                                           :
          v.                               :    No. 350 M.D. 2021
                                           :    Submitted:  March 17, 2023
Pennsylvania State Police,                 :
                    Respondent             :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                         FILED:  May 12, 2023

Before the Court is the preliminary objection of the Pennsylvania State Police (State Police) that demurs to R.R.'s petition for review seeking declaratory and injunctive relief.[1]  R.R. contends, *inter alia*, that the registration and reporting requirements under the Sexual Offender Registration and Notification Act[2] (SORNA II) are punitive as applied to him in violation of the *ex post facto* clauses of the

---

[1] R.R., proceeding *pro se*, labeled his petition as "Action in Mandamus."  Petition at 1.  The substance of the petition asserts that the current sexual offender registration statute is an improper *ex post facto* law as applied to R.R. and asks this Court to order that his records from the sex offender registry be removed because R.R. has fulfilled his 10-year registration requirement under the former sexual offender registration statute.  Mandamus was not an appropriate form of action to seek the relief requested because the State Police has no mandatory duty to change R.R.'s registration requirements.  Nevertheless, we construe R.R.'s pleading as a petition for review seeking declaratory and injunctive relief despite R.R.'s mislabeling of the petition as a petition for a writ of mandamus.  *See Taylor v. Pennsylvania State Police*, 132 A.3d 590, 600 (Pa. Cmwlth. 2016).

[2] Act of February 21, 2018, P.L. 27, *as amended* by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§9799.10-9799.75.

United States and Pennsylvania Constitutions.[3]  R.R. requests this Court to end his sexual offender registration under SORNA II.  We sustain the State Police's preliminary objection and dismiss R.R.'s petition for review.

**Petition for Review**

On October 4, 2021, R.R. filed a petition for review, which averred the following.  On January 19, 2000, R.R. pleaded guilty to rape and corruption of minors and received an aggregate sentence of 11 to 22 years with 23 years of consecutive probation.  On July 31, 2012, R.R. was paroled to a community corrections center and registered as a sexual offender for a period of 10 years.  Petition, Exhibit C at 3.[4]  By letter dated June 1, 2021, the State Police notified R.R. that his sexual registration is "lifetime" under SORNA II.  Petition, Exhibit D.

R.R. asserts that the sexual offender registration law, *former* 42 Pa. C.S. §§9791-9799.6, commonly known as Megan's Law I, which was in effect at the time he committed the offenses in 1998, governs his registration.  Accordingly, the State Police's retroactive application of SORNA II, a punitive law, violates the constitutional prohibition against *ex post facto* laws.  Petition at 3.  R.R. asserts that only a "sexually violent predator" was subject to lifetime registration under Megan's Law I, and he was not determined to be a sexually violent predator.  Petition at 3.

---

[3] The United States Constitution provides, in pertinent part, that "[n]o . . . ex post facto Law shall be passed." U.S. CONST. art. I, §9.  The Pennsylvania Constitution likewise provides, in pertinent part, "[n]o *ex post facto* law . . . shall be passed." PA. CONST. art. I, §17.  "[T]he *ex post facto* clauses of both constitutions are virtually identical, and the standards applied to determine an *ex post facto* violation are comparable." *Evans v. Pennsylvania Board of Probation and Parole (PBPP)*, 820 A.2d 904, 909 (Pa. Cmwlth. 2003) (citing *Commonwealth v. Young*, 637 A.2d 1313, 1317 n.7 (Pa. 1993)).

[4] It states, in relevant part, "[y]ou will be required to register for a minimum of ten (10) years and may be required to register for a period up to your lifetime.  You will be notified by the Pennsylvania State Police when you have completed your registration period." Petition, Exhibit C at 3.

2

R.R. asserts that in granting him parole in 2012, the Pennsylvania Parole Board determined that he was "sufficiently rehabilitated and posed no threat to public safety[.]" Petition at 3. R.R. requests that this Court direct the State Police to remove his records from the sex offender registry because he has fulfilled his 10-year registration requirement imposed on him by Megan's Law I.

The State Police filed a preliminary objection in the nature of a demurrer,[5] asserting that SORNA II is not punitive. Accordingly, its retroactive application to R.R. does not violate the constitutional bar to *ex post facto* laws, as the Pennsylvania Supreme Court held in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020). In his brief, R.R. responds that at the time he entered the plea agreement, the Commonwealth assured him that he was required to register only for 10 years, "provided [R.R.] was not determined to be a sexually violent predator (he was not), should he agree to plead guilty (he did) in a consolidated manner." R.R. Brief at 1. Relying on the Supreme Court's decision in *Commonwealth v. Martinez*, 147 A.3d 517 (Pa. 2016), R.R. argues that he was entitled to the benefit of the bargain with the Commonwealth that he was subject to registration as a sexual offender for only 10 years.

## SORNA History

We begin with a review of Pennsylvania's sex offender registration laws. Beginning in 1995, the General Assembly enacted a series of statutes requiring convicted sex offenders living in the Commonwealth to register with the State Police for varying periods of time. The first of these statutes was Megan's Law I, effective

---

[5] The State Police also raised a preliminary objection to the petition for improper service. By order of November 29, 2021, this Court ordered R.R. to serve his petition on the State Police and the Attorney General in person or by certified mail as required by PA. R.A.P. 1514(c) and file with this Court a certificate of service within 14 days of the entry of the order, which R.R. did.

3

April 22, 1996. Then, in 2000, the General Assembly enacted what is commonly referred to as Megan's Law II, *formerly* 42 Pa. C.S. §§9791-9799.7. In 2004, Megan's Law II was succeeded by Megan's Law III, *formerly* 42 Pa. C.S. §§9791-9799.9, which remained in effect until 2012. SORNA I, 42 Pa. C.S. §§9799.10-9799.41, was enacted on December 20, 2011, to replace Megan's Law III, and it went into effect on December 20, 2012.

SORNA I was enacted, *inter alia*, to "comply with [federal law] and to further protect the safety and general welfare of the citizens of this Commonwealth by providing for increased regulation of sexual offenders, specifically as that regulation relates to the registration of sexual offenders and community notification about sexual offenders." *Taylor*, 132 A.3d at 595 (quoting *former* 42 Pa. C.S. §9799.11(b)(1)). SORNA I established, for the first time, a three-tier classification system for sexual offenders. The sex "offender's tier status [wa]s determined by the offense committed and [it] impact[ed] the length of time an offender [wa]s required to register and the severity of punishment should an offender fail to register or provide false registration information." *Taylor*, 132 A.3d at 595 (citing *former* 42 Pa. C.S. §9799.15).

SORNA I increased the length of registration for many offenders; required quarterly in-person reporting; and placed personal information about the registrant, such as his home address and place of employment, on the internet. In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), our Supreme Court held SORNA I to be unconstitutional because these provisions were punitive and its retroactive effect violated the constitutional prohibition against *ex post facto* laws.[6]

---

[6] In *Muniz*, the petitioner had been convicted of two counts of indecent assault against a minor less than 13 years of age. At the time of his conviction, Megan's Law III required registration with the State Police for 10 years following the petitioner's release from incarceration. However, the

4

Following the Supreme Court's decision in *Muniz*, the General Assembly enacted SORNA II, which has two subchapters. Relevant here is Subchapter I, which applies to individuals who were:

> (1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or
>
> (2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa. C.S. §9799.52. In SORNA II, the General Assembly declared its intent that the statute "shall not be construed as punitive." 42 Pa. C.S. §9799.51(b)(2).

In this new statutory scheme, the General Assembly removed a number of crimes from the list of triggering offenses and reduced the frequency with which an offender must report in person to the State Police. Those convicted of one of the triggering offenses must register either for a period of 10 years or for life. 42 Pa. C.S. §9799.55(a), (b). Individuals convicted of rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, and incest with a child under the age of 12 are subject to lifetime registration. 42 Pa. C.S. §9799.55(b). These offenders must report in person once a year at an approved facility to verify their

---

petitioner absconded before sentencing. By the time he was apprehended and sentenced, SORNA I was in effect. Under SORNA I's new classification system, the petitioner was subject to lifetime registration. The petitioner challenged SORNA I as unconstitutional because it retroactively increased the length of his registration and notification requirements. The Pennsylvania Supreme Court held that the retroactive application of SORNA I's new tier system was an unconstitutional *ex post facto* law, to the extent that it imposed a lifetime registration requirement that was not applicable when the petitioner committed his crimes.

residence and be photographed. Sexually violent predators[7] must report in person four times per year. 42 Pa. C.S. §§9799.54(b), 9799.60(a)-(b). They also must contact the State Police within three days of any change to their registration information, including changes to residence, employment, or education. Generally, failure to comply with the registration requirements results in a felony prosecution. 42 Pa. C.S. §9799.60(e); 18 Pa. C.S. §4915.2(b), (c).

Subchapter I also establishes a website to be operated in conjunction with the statewide registry. The website publishes information about each registered sexual offender including name and known aliases; year of birth; residence; the name or location of the school at which the offender is enrolled as a student; employment location; a photograph updated yearly; a physical description of the offender; the license plate number and a description of any vehicle owned or registered to the offender; a status report regarding whether the offender is compliant with his registration requirements; an indication of whether the offender's victim was a minor; a description of the offense committed by the offender; the dates of the

---

[7] Section 9799.53 of SORNA II defines "sexually violent predator" as

> [s]ubject to section 9799.75 (relating to construction of subchapter), a person who has been convicted of a sexually violent offense and who is determined to be a sexually violent predator under section 9799.58 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses or who has ever been determined by a court to have a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses under a former sexual offender registration law of this Commonwealth. The term includes an individual determined to be a sexually violent predator where the determination occurred in the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or by court martial.

42 Pa. C.S. §9799.53.

offense and conviction; and the location of the offender's temporary shelter, if the offender is homeless. 42 Pa. C.S. §9799.63(c).

A lifetime registrant may petition the sentencing court to be removed from the statewide registry if

> [a]t least 25 years have elapsed prior to filing a petition with the sentencing court to be exempt from the requirements of this subchapter, during which time the petitioner has not been convicted in this Commonwealth or any other jurisdiction or foreign country of an offense punishable by imprisonment of more than one year, or the petitioner's release from custody following the petitioner's most recent conviction for an offense, whichever is later.

42 Pa. C.S. §9799.59(a)(1). The lifetime registrant must demonstrate by "clear and convincing evidence" that he no longer poses a risk, or a threat of risk, to the public or any individual person. 42 Pa. C.S. §9799.59(a)(5).

**Analysis**

"In ruling on a demurrer, the court must accept as true all well-pleaded allegations in the petition for review and all inferences reasonably deduced therefrom." *Pennsylvania Medical Providers Association v. Foster*, 582 A.2d 888, 892 (Pa. Cmwlth. 1990). "We will sustain a demurrer only when it appears with certainty that the law permits no recovery if the facts are as pleaded." *Id.* Further, in considering preliminary objections to a petition for review, the Court "is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

R.R. was required to register as a sexual offender under Megan's Law I, and he had not fulfilled his period of registration by December 20, 2012, and this

7

timing made SORNA II's registration requirements applicable to him. 42 Pa. C.S. §9799.52. R.R. asserts that Subchapter I of SORNA II is punitive, but this assertion was rejected by our Supreme Court's decision in *Lacombe*, 234 A.3d 602. In that case, two sex offenders, Lacombe and Witmayer, petitioned to terminate their sexual offender registration requirements, asserting that the retroactive application of Subchapter I of SORNA II to them was punitive and, as such, an unconstitutional *ex post facto* law. Lacombe was convicted of involuntary deviate sexual intercourse in 1997 and required to comply with the 10-year registration requirement under Megan's Law I upon his release from prison. Lacombe was released from prison in 2005, and before his 10-year period of registration would have ended, SORNA II made his registration a lifetime requirement. The Supreme Court held that Subchapter I of SORNA II is not punitive and does not violate the constitutional bar to *ex post facto* laws. In doing so, the Supreme Court explained that,

> [i]n response to *Muniz* . . . the General Assembly enacted Subchapter I, the retroactive application of which became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996[,] and December 20, 2012. In this new statutory scheme, the General Assembly, *inter alia*, eliminated a number of crimes that previously triggered application of SORNA and reduced the frequency with which an offender must report in person to the [State Police]. With regard to Subchapter I, the General Assembly declared its intent that the statute "shall not be considered as punitive." 42 Pa. C.S. §9799.51(b)(2).

*Lacombe*, 234 A.3d at 615.

The Supreme Court explained that SORNA II "made a number of material changes" to SORNA I in order "[t]o achieve its dual goals of ensuring public safety without creating another unconstitutionally punitive scheme." *Lacombe*, 234 A.3d at 615. Among other things, under Subchapter I of SORNA II

8

(and unlike SORNA I) a lifetime registrant may petition a court to be removed from the statewide registry by demonstrating with "clear and convincing evidence that he or she no longer poses a risk, or a threat of risk, to the public or any individual person." *Id.* at 616-17.

The Supreme Court then proceeded to discuss each of the factors enumerated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963),[8] to determine whether Subchapter I of SORNA II was punitive in effect. In balancing these factors, our Supreme Court reasoned:

> As the above *Mendoza-Martinez* analysis clearly reflects, Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*. To summarize, we find three of the five factors weigh in favor of finding Subchapter I nonpunitive. Additionally, we give little weight to the fact Subchapter I promotes the traditional aims of punishment and give significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public. As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]"

*Lacombe*, 234 A.3d at 626 (quoting *Hudson v. United States*, 522 U.S. 93, 100 (1997)).

---

[8] In *Mendoza-Martinez*, the Supreme Court identified the following factors for considering whether a law is punitive in effect:

> [w]hether the sanction involves an affirmative disability or restraint,[] whether it has historically been regarded as a punishment,[] whether it comes into play only on a finding of scienter,[] whether its operation will promote the traditional aims of punishment – retribution and deterrence,[] whether the behavior to which it applies is already a crime,[] whether an alternative purpose to which it may rationally be connected is assignable for it,[] and whether it appears excessive in relation to the alternative purpose assigned.[]

372 U.S. at 168-69 (footnotes omitted).

9

In light of *Lacombe*, we must reject R.R.'s claim that Subchapter I of SORNA II is punitive. *See also R.F.M. v. Pennsylvania State Police* (Pa. Cmwlth., No. 495 M.D. 2019, filed October 4, 2021) (unreported)[9] (holding that under *Lacombe*, Subchapter I of SORNA II did not violate the *ex post facto* clause because Subchapter I is not punitive in nature); *R.H. v. Pennsylvania State Police* (Pa. Cmwlth., No. 699 M.D. 2018, filed January 12, 2021) (unreported).

In his brief in opposition to the State Police's preliminary objection, R.R. alleges, for the first time, that he entered into his plea agreement with the Commonwealth's assurance that he was required to register as a sexual offender for only 10 years, "provided [R.R.] was not determined to be a sexually violent predator (he was not), should he agree to plead guilty (he did) in a consolidated manner." R.R. Brief at 1. Relying on *Martinez*, 147 A.3d 517, R.R. argues that he is entitled to specific performance of his plea agreement and, thus, not subject to lifetime registration under SORNA II.

In *Martinez*, three sex offenders, Shower, Martinez, and Grace, who had entered guilty pleas in separate cases to indecent assault while Megan's Law was in effect, filed petitions to enforce plea agreements or for writ of habeas corpus, alleging that the increased registration requirements under SORNA I violated their plea agreements and were unconstitutional. In granting the petitions, the trial court found that Shower and Martinez entered their plea to indecent assault in exchange for the Commonwealth's withdrawal of the charge of aggravated indecent assault, which would have triggered a lifetime registration as a sexual offender under Megan's Law. An indecent assault conviction under 18 Pa. C.S. §3126(a)(7)

---

[9] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

required registration for only 10 years. Likewise, the trial court found that Grace entered his plea in exchange for the Commonwealth's nolle pros of the charge of unlawful contact with a minor, which would have mandated a 10-year registration requirement under Megan's Law. Grace's conviction of indecent assault under 18 Pa. C.S. §3126(a)(8) did not require him to register as a sexual offender under Megan's Law.

The Superior Court affirmed the trial court and reasoned that because the offenders' plea agreements contained conditions regarding their sexual offender registration status, they should receive the benefit of their bargains. *Martinez*, 147 A.3d at 527-28 (citing *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa. Super. 2013) (*en banc*)). Accordingly, the Superior Court held that Shower's and Martinez's registration as sexual offenders was limited to the 10-year period contemplated by their plea agreements, and Grace would not be required to register as a sexual offender under the terms of his plea agreement. The Supreme Court affirmed and adopted the Superior Court's reasoning.

Here, R.R.'s petition for review alleges, in general, that he entered consolidated guilty pleas to rape and corruption of minors. Petition at 1. The petition includes the sentencing court's handwritten notes, *see* Petition, Exhibit A, but not the sentencing order. Simply, R.R. has not substantiated the claim in his brief that the sentence imposed a 10-year period of registration.[10]

The State Police's role in the SORNA statutory scheme is ministerial. Thus, if the sentencing order includes a specific term of registration, the State Police "is bound to apply the registration term included in the sentence and nothing more."

---

[10] R.R.'s statements in his brief about the terms of his plea agreement are not evidence and cannot be considered. *See Smith v. Beard*, 26 A.3d 551, 558-59 (Pa. Cmwlth. 2011) (although petitioner asserts additional explanations and facts in his brief in opposition to preliminary objections, a brief is not a pleading, and we look only to the pleadings when considering preliminary objections).

*Dougherty v. Pennsylvania State Police*, 138 A.3d 152, 160 (Pa. Cmwlth. 2016) (citing *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005)). If the sentencing order is silent on the term of registration, the State Police must set the appropriate registration period established in 42 Pa. C.S. §§9799.15, 9799.55.

It is not the duty of the State Police to inquire into the terms of an underlying plea agreement. If the plea agreement contained a term that directed the term of registration with the State Police as a sex offender, that matter must be addressed to appropriate sentencing court. *See Dougherty*, 138 A.3d at 168.

### Conclusion

For the foregoing reasons, we conclude that R.R.'s petition for review fails to state a claim upon which relief could be granted. We thus sustain the State Police's preliminary objection in the nature of a demurrer and dismiss R.R.'s petition for review without prejudice. If R.R. has a sentencing order showing that he was required to register for 10 years under his plea agreement, R.R. may file an amended petition for review within 30 days without seeking leave of Court. If the sentencing order does not specify the length of registration, R.R.'s appropriate remedy is to file a petition to enforce the plea agreement before the appropriate sentencing court against the prosecuting entity, *i.e.*, the Commonwealth.


_____
MARY HANNAH LEAVITT, President Judge Emerita


12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R. R.,                                  :
                Petitioner              :
                                        :
        v.                              :        No. 350 M.D. 2021
                                        :
Pennsylvania State Police,              :
                Respondent              :

## **O R D E R**

AND NOW, this 12th day of May, 2023, the preliminary objection of the Pennsylvania State Police to the above-captioned petition for review in the nature of a demurrer is SUSTAINED. The petition is DISMISSED without prejudice. R.R. may file an amended petition for review within 30 days without seeking leave of court as set forth in the attached memorandum opinion.

_____
MARY HANNAH LEAVITT, President Judge Emerita